(117 App. Div. 316)

LEAHY v. GAYLORD & EITAPENC CO.

(Supreme Court, Appellate Division, Third Department. January 9, 1907.)

EVIDENCE—OPINIONS OF PHYSICIANS.

> Where physicians have stated to the jury no facts tending to show that plaintiff had sustained any permanent injury, and no facts about the examination of him the day before the trial, except that they made it for the purpose of ascertaining his condition, and, besides this, have merely stated that some time after the accident they opened up his scalp and discovered a fissure or fracture, and, without investigating as to depth and details, scraped the bone and cleansed and dressed the wound, it is error to allow them to testify that from their treatment and examination of him, and their examination of him the day before the trial, it was reasonably certain that his injuries would be permanent; and this, though it be assumed that their testimony was based on what plaintiff testified to, as in such case they would be determining the effect of his testimony and what facts it established.
>
> [Ed. Note.—For cases in point, see Cent. Dig. vol. 20, Evidence, § 2376.]

Appeal from Trial Term.

Action by William Leahy against the Gaylord & Eitapenc Company. From a judgment for plaintiff, and from an order denying a motion for new trial on the minutes, defendant appeals. Reversed, and new trial granted.

Argued before SMITH, CHESTER, KELLOGG, and COCHRANE, JJ.

Jenkins, Page & Hays (Maurice E. Page, of counsel), for appellant.
Loughlin & Mangan (James L. Loughlin, of counsel), for respondent.

JOHN M. KELLOGG, J. The plaintiff was injured by an iron pipe falling on his head, and the verdict establishes that the negligence of the defendant's employés caused the injury. The plaintiff swears

that since the injury he is nervous, at times is dizzy, is irritable, and suffers pain in his side and in his head, and that his memory is defective. His evidence upon the trial tended to show that he had a good memory. There is nothing, except the evidence of himself and wife, to indicate that he is now suffering from any cause. He received a verdict for $1,467.

To prove that the injuries were permanent he called two physicians who treated him. Their evidence tends to show that they first saw him a month or so after the accident, and that then there was a running sore upon his head. They opened up the scalp, and discovered, one says, a fissure in the skull, the depth and details of which he did not investigate. The other speaks of it as a fracture, the depth and details of which he did not thoroughly examine. They scraped the bone and cleansed and dressed the wound. The wound healed, but there is apparently a slight depression and scar at the spot where the injury was. There are no other physical indications of the injury. These physicians were permitted to testify, from all their treatment and examination of the plaintiff and their examination of him the day before the trial, that it was reasonably certain that his injuries will be permanent. This class of evidence was objected to upon the ground that it. was immaterial, incompetent, irrelevant, no proper foundation laid, and assuming facts not proved, which objection was overruled. The physicians had stated no facts about the examination the day before the trial, except that they made it for the purpose of ascertaining the plaintiff's condition. They had stated to the jury no fact tending to show that the plaintiff had sustained any permanent injury. They were permitted to express an opinion without stating to the jury any fact upon which it was based. If we assume that their evidence was based upon the facts sworn to by plaintiff, then they determined the effect of the plaintiff's evidence and what facts it established. The evidence was clearly inadmissible. Davis v. Maxwell, 108 App. Div. 128, 133, ·96 N. Y. Supp. 45. The mischief of such evidence is emphasized by the further examination of the physicians, which shows clearly that their evidence as to the permanency of the injury is based entirely upon conjecture and is a mere statement of possibilities. Briggs v. N. Y. C. & H. R. R. Co., 177 N. Y. 59, 69 N. E. 223, 101 Am. St. Rep. 718.

Two days after the injury the plaintiff returned to his work, and worked overtime for several days, and continued upon the work until the job was finished; and he has performed about the same amount of work since the injury as before. He is a skilled plasterer; engaged in doing finishing work, and is not continually employed, but works from job to job as occasion permits. The defendant contended that the plaintiff had suffered no permanent injury and had lost only a few days' time. The substantial verdict shows that the jury must have allowed for a continuing injury, or one more or less permanent. The evidence of the physicians was therefore prejudicial, and without it the evidence does not fairly sustain the conclusion that the plaintiff suffered a permanent injury.

The judgment should therefore be reversed, and a new trial granted, with costs to the appellant to abide the event. All concur.