### WEIBERT v. HANAN.

(Supreme Court, Appellate Division, Second Department.   January 21, 1910.)

1. CONTRACTS (§ 231*)—CONSTRUCTION—AMOUNT OF COMPENSATION.
   That plaintiff, in looking over a heating plant in defendant's house with a view to making changes therein, stated that the cost of the changes would be in the neighborhood of $1,500, but that it would not exceed $1,500, did not constitute a positive agreement to do the work for such sum, but only an approximate estimate.
   [Ed. Note.—For other cases, see Contracts, Cent. Dig. § 1046; Dec. Dig. § 231.*]

2. REFERENCE (§ 65*)—RECEPTION OF EVIDENCE—OBJECTIONS.
   In an action for the cost of installing a heating plant, plaintiff testified as to the reasonable value of the labor and material, but on cross-examination admitted that with regard to the sums charged for labor his testimony was based on reports from employés, none of whom were called to prove that the reports which they handed in were correct.  *Held* that, in the absence of a motion to strike out plaintiff's testimony, it was for the referee to determine whether he would allow the sum claimed or not.
   [Ed. Note.—For other cases, see Reference, Cent. Dig. §§ 97, 98; Dec. Dig. § 65.*]

3. EVIDENCE (§ 555*)—EXPERT TESTIMONY—FOUNDATION.
   In an action to recover for installing a heating plant, an expert witness, who did not know the number of square feet in the rooms, was incompetent to testify as to the total amount of radiation necessary to heat the house.
   [Ed. Note.—For other cases, see Evidence, Cent. Dig. § 2376; Dec. Dig. § 555.*]

4. CONTRACTS (§ 350*)—ACTIONS—SUFFICIENCY OF EVIDENCE.
   In an action for installing a heating plant, evidence *held* to sustain a finding for plaintiff.
   [Ed. Note.—For other cases, see Contracts, Cent. Dig. §§ 1819–1823; Dec. Dig. § 350.*]

5. NEW TRIAL (§ 27*)—GROUNDS—PREJUDICE.
   The rule that, unless an error on a trial is so substantial as to raise a presumption of prejudice, it does not require a new trial and should be disregarded, applies, whether the action is legal or equitable, where it is tried without a jury and before a referee.
   [Ed. Note.—For other cases, see New Trial, Cent. Dig. §§ 40, 41; Dec. Dig. § 27.*]

   Woodward and Thomas, JJ., dissenting.

Appeal from Special Term, Kings County.

Action by Charles J. Weibert against Herbert W. Hanan.   Judgment for plaintiff, and defendant appeals.   Affirmed.

Argued before WOODWARD, JENKS, BURR, THOMAS, and RICH, JJ.

James M. Gray (Joseph E. Owens, on the brief), for appellant.
James O. Tryon, for respondent.

BURR, J.   The defendant was the owner of a house in which there was a heating apparatus which was a combination system of steam and hot air.   In October, 1907, the plaintiff was called upon to examine it with reference to making some alterations therein.   He advised

the taking out of the two old boilers in the cellar, putting in new boilers and new piping in the cellar, the removal of the hot-air pipes and registers which formed a part of the old system, and the installation of radiators so that the heating should depend entirely upon the steam supply. This suggestion was adopted. During the progress of the work certain additional defects in the old system were brought to light, particularly in some of the old radiators, which had burst, and in some of the valves, which were defective. With the consent of the defendant the plaintiff remedied these defects. The plaintiff claimed that the fair and reasonable value of the work that he did was $1,729.99. He has been paid $800 on account, and brings this suit for the balance due.

The questions in the case are principally questions of fact. The first contention of the defendant is that the plaintiff agreed to do the work for a specified sum, to wit, the sum of $1,500. It is true that, when the plaintiff was looking over the old plant, the defendant asked him what the changes would cost, and that he replied that it would cost in the neighborhood of $1,500. The defendant testifies that he said it would cost not to exceed $1,500. We do not think that this can be construed as a positive agreement to do the work for that sum, or for a sum not to exceed that. It must be considered only as an approximate estimate, and experience shows that, when alterations are attempted in an old house, frequently the expense is greater than was anticipated. In addition to that, concededly some additional work was done which was not contemplated at the time of the inception of the work.

The second contention of the defendant is that, treating plaintiff's claim as one upon quantum meruit, the materials and labor were not worth the sum claimed by him. The defendant called some witnesses who testified that the value of the work was considerably less. Plaintiff testified that the work which he did and the materials which he furnished, and which were specified in the bill of particulars, were reasonably worth the price charged. That raised a question of fact for the referee to determine.

A further comment is made that the plaintiff's testimony as to the number of days of labor necessarily employed in doing the work is insufficient. The testimony is rather meager, and, if proper objection had been made, might have been excluded. The plaintiff on his direct examination testified:

"The labor is correct, and that was the fair and reasonable amount of the value of both labor and material."

He testified to this without objection. On cross-examination he admitted, with regard to the sums which he had charged for labor, that his testimony was based upon reports from men employed on the job. None of these men were called to prove that the reports which they handed in were correct. No motion, however, was made to strike out this testimony. If it had been, doubtless the deficiency could have been supplied. We think, in the absence of such a motion, that it was for the referee to determine whether he would allow the sum claimed or not.

. The third contention of the defendant is that plaintiff's agreement was that the work which he was to do should produce a specified result, to wit, that it should heat the house. It is quite true that plaintiff testified that he understood the thing that was particularly wanted was to get the apparatus in such shape that the house could be heated. If the plaintiff's work had been to put in an entire new heating plant in the house, and he had done so under such circumstances, and it had failed to heat the house, there would have been much force in this contention. But this was not his contract. He was to use so far as possible the old plant. He suggested certain specific alterations, as above noted. Doubtless he thought that would accomplish the result. If the failure were due to defects in or the inefficiency of the parts supplied by the plaintiff, the defendant should not be made to pay. But if they were due to other defects still existing in the old system, which plaintiff had not undertaken specifically to remedy, it would be a harsh rule to deny him compensation for what he had done because the system still worked badly. This is particularly so, since it appears from the evidence that after the plaintiff's work was completed, and defendant complained that the house was not properly heated, the plaintiff wished to make some further alterations in the old work by the introduction of new and larger risers to conduct the steam to the heating surface, and that defendant refused to permit him to do so.

The chief ground of complaint upon the part of the defendant was that the boiler was not sufficiently large. Upon this point there was considerable conflicting evidence, and experts were called upon each side. The referee has found, upon satisfactory proof, that the boiler was of sufficient size, and it is rather a significant fact in this connection to observe that, although the defendant did subsequently have additional sections put upon the boiler, he also had certain changes made in connection with the risers before the plant worked satisfactorily. The parties agreed to submit the question of the capacity of the boiler to a mechanical engineer, Mr. Meier. He examined it, and decided that it was sufficiently large. The defendant criticises this witness as one entirely unworthy of belief, and accuses him of having made a corrupt bargain with the plaintiff. The only foundation for this claim is that, two days before the parties were to meet at the defendant's house to examine the boiler, the plaintiff, who had been informed by the defendant that he had selected Mr. Meier to make this examination, called at his office and stated to him his claim with regard to the matter. Mr. Meier, the witness, seemed to have been perfectly frank in admitting the existence of this interview, and stated, also, that the defendant tried to state to him his side of the controversy over the telephone; but, owing to his deafness, he could not understand him very well. There is nothing to justify any adverse criticism upon Mr. Meier, and his report, which he submitted to the defendant, and which was offered in evidence, attributes the defects in the system to other causes than those for which the plaintiff might be held responsible.

The defendant also criticises the competency of George Fromme, an expert witness called for the plaintiff. As to his qualifications as an expert, the evidence shows that he had had considerable experience

in work of a similar nature, although most of it was not in the mechanical line. We think that he was qualified to testify, and the weight of his evidence was a matter for the referee to consider. Two objections to the admissibility of testimony of this witness are urged. He was asked to tell the total amount of radiation which he found to be necessary to heat that house properly. He had already testified that he had gone through the house and taken the measurement of all the different rooms, and it would appear that the size of the rooms is one of the factors in determining the necessary amount of radiation. The question above referred to was objected to upon the ground, among others, that the facts upon which his testimony is based had not been proven; and it is now urged that, inasmuch as he did not testify as to the number of square feet in the room, the proper foundation was not laid for his opinion, subsequently expressed, that 1,363 square feet of radiating surface were required in the various rooms. The criticism is probably technically correct. Doherty v. Milliken, 163 N. Y. 527, 57 N. E. 757, 79 Am. St. Rep. 608; Leahy v. Gaylord, 117 App. Div. 316, 102 N. Y. Supp. 78.

Again he was asked as to the method of testing the capacity of a particular boiler, and said that among other things the coal consumed was weighed before the fire was started, and at the end of period of test the fire was drawn, the coal raked out, and the balance weighed, so as to determine the number of pounds consumed. He was then asked by the referee:

"Suppose you have a boiler, No. S 278 (that was the description of the boiler in question), heated with the amount of coal that you had in your test, what, then, is the capacity of the boiler?"

Defendant's counsel said:

"I make the same objection to your honor's question as to the question of counsel."

And the objection to which he referred stated, among others, as its ground, that the facts upon which the opinion is based are not in evidence. This criticism also is technically correct; but, notwithstanding that, if this testimony was eliminated, there is still sufficient in the case to justify the finding which was made in favor of the plaintiff. The decision in this case seems so eminently just that the court should not be astute to seek for grounds upon which to reverse this judgment. Unless an error upon a trial is so substantial as to raise a presumption of prejudice, it does not require a new trial, and should be disregarded. Post v. Brooklyn Heights R. R. Co., 195 N. Y. 62, 87 N. E. 771; New York Water Co. v. Crow, 110 App. Div. 32, 96 N. Y. Supp. 899. It is true that the latter case was an action in equity, and not at law, and the old chancery rule was invoked. But this action was tried without a jury, and before an experienced and learned referee. Under such circumstances, we see no reason for making any different rule, whether the action be legal or equitable in character.

The judgment appealed from should be affirmed, with costs.

JENKS and RICH, JJ., concur. WOODWARD and THOMAS, JJ., dissent, on the ground of error in the reception of the evidence of the expert.