CHARLES S. BATES, APPELLANT, v. ST. ANTHONY'S CHURCH OF SOUTH OMAHA, APPELLEE.

FILED DECEMBER 31, 1923. No. 22623.

Contracts: ESTIMATE OF COST: AMOUNT RECOVERABLE. Where one party, desiring certain work performed, requests another to submit an estimate of the cost, and the other submits an estimate that the proposed work will cost from $1,125 to $1,200, and offers to guarantee that the cost will not exceed $1,200, whereupon the first party directs the second party to go ahead and perform the work, no contract for any specific sum arises, and the

second party is entitled to recover no more than the reasonable value of the services rendered, but not to exceed the larger sum.

APPEAL from the district court for Douglas county: WILLIS G. SEARS, JUDGE. *Affirmed.*

*Edward R. Burke,* for appellant.

*E. F. Leary, contra.*

Heard before MORRISSEY, C. J., ROSE, DEAN and GOOD, JJ., REDICK, District Judge.

GOOD, J.

This is an action for the foreclosure of a mechanics' lien in which plaintiff alleges there was a balance of $1,110 due him on a contract to furnish material and perform labor. The defendant admits that plaintiff furnished the material and performed the labor, but denies that there was any contract as to the amount that plaintiff should receive therefor. The trial court found there was due plaintiff the sum of $650, and entered a decree accordingly. Plaintiff appeals.

The principal question for determination is as to whether there was a definite contract between the parties for furnishing the material and labor. The record discloses that a number of pews and kneeling benches in defendant's church building were destroyed and others damaged by fire. After the pews and benches had been removed from the church building and piled outside, the priest in charge of the church requested the plaintiff to make a bid on rebuilding and repairing them. Plaintiff replied that it would be impossible to make an estimate upon them in their present condition, as they were partially covered with snow at the time. He volunteered to take the pews and kneeling benches to his shop or planing mill, clean them up, and see how much new material would be required, and would then tell the defendant's representative about what it would cost to "make them over." A few days later the plaintiff returned, and, according to his testimony, the following conversation occurred: "I gave him (meaning the priest in

charge) a price of, an estimate of between $1,125 and $1,200. Couldn't determine the exact amount, guaranteeing that it would not cost over $1,200." The priest in charge told him to go ahead and do the work. This, in substance, is the arrangement under which the material was furnished and labor performed. After the pews and benches had been rebuilt and repaired and returned to the church building, plaintiff rendered a bill for $1,160, on which $50 has been paid. Plaintiff filed mechanics' lien for the balance.

Plaintiff argues that the language above quoted is sufficient to constitute a contract for $1,160. The general rule is that, when an offer is made by one party, looking to the making of a contract, the other party must accept the offer as made; otherwise, the minds of the parties do not meet and there is no agreement. In the present case, the plaintiff did not undertake to furnish the material and do the work for any specific amount, and the defendant's representative, in telling him to go ahead with the work, did not agree to pay any definite or specific sum. We are at a loss to understand how the language used could be construed as a contract whereby the defendant was to pay $1,160 for the material and labor. While the amount of the bill rendered is for a sum about equidistant between the estimates submitted by the plaintiff, the principle would be the same, had the plaintiff submitted a proposition, stating that it would cost not less than $200 nor more than $1,200. In the supposed case, the range of prices would be wider; the principle the same. Clearly, there never was a meeting of the minds, nor an agreement as to any specific amount. If the language used amounted to a contract in any respect, it could only be with reference to the larger sum, $1,200; that is, that the cost should not exceed that sum. The views herein expressed find support in the following cases: *Weibert v. Hanan,* 121 N. Y. Supp. 35; *Kennedy v. McKone,* 41 N. Y. Supp. 782.

Since there was no contract to pay a definite sum, the amount that plaintiff was entitled to for material and labor would be their reasonable market value. This phase of the

case was submitted to the court upon conflicting evidence. The evidence on behalf of plaintiff tended to show that $1,160 was a reasonable amount; that on behalf of defendant indicated that $600 or $700 was a reasonable amount. The trial court had the benefit of seeing the witnesses and observing the manner in which they testified, and, at the instance of the parties, visited the church and personally inspected the work that was done.

While a finding for a larger amount might have been sustained, we conclude that the trial court's finding is supported by the evidence. No error is apparent. Judgment is

AFFIRMED.