MARINE ELECTRICAL WORKS, INC., v. WESTFELDT

(December 14, 1931. Opinion and Decree.)

Joseph O. Schwartz, of New Orleans, attorney for plaintiff, appellant.

Frank William Hart, of New Orleans, attorney for defendant, appellee.

WESTERFIELD, J. Plaintiff, an electrical contractor, alleges that on the 24th day of April, 1930, Gustaf Westfeldt contracted with it to furnish the necessary labor and material to rewire his home, No. 230 Prytania street; that the consideration agreed upon was "a cash sum of money, which said sum was to be figured on a basis of cost of material and labor, plus its usual and customary charge for overhead and profit"; that in the wiring of defendant's premises, the material cost $139.88 and the labor $213.60; "that your petitioner is entitled to and has earned, and, according to the customary price, should be paid 25 per cent of the said costs for overhead and 15 per cent for a profit, plus the inspection fees, which it has paid incident to its work performed, which inspection fees amount to the sum of $8, all of which amounts to the sum of $516.13."

Defendant answered admitting that he contracted with plaintiff through Milton L. Levy, its duly authorized agent, to do whatever work was necessary to put the wiring in his residence in proper order "with the distinct stipulation and agreement, however, that the total cost of said work to respondent would not exceed $300.00." He thereupon deposited in the registry of the court the sum of $329.25, representing the $300 admitted to be due, plus $39.25, the amount of interest and court costs incurred by plaintiff up to that time.

The position of defendant was sustained by the judgment of the court below in allowing plaintiff to recover for the amount deposited, thus rejecting its demand for the sum in dispute. Plaintiff has appealed.

The record shows that Gustaf Westfeldt, the defendant, met Milton L. Levy, at that time a representative of the plaintiff, at a dinner party, and, after inquiring whether Levy was still in the electrical contracting business, suggested that he call and see him about the wiring in his residence, which had been giving him considerable trouble. In response to this invitation Levy visited Westfeldt's home and, after examining the wiring, advised having his

house rewired, whereupon Westfeldt asked him what it would cost, and Levy replied "plenty of money," and, in Westfeldt's words, he answered, "I said what was it and he said it might cost as much as $300.00 and I said all right, go ahead and do the work." Whereupon the work was undertaken and finally completed and a bill rendered defendant in the sum of $516.13, the amount sued for herein. Levy, testifying on defendant's behalf, gives practically the same account of the transaction, so that the facts surrounding the contract between the parties are not in dispute. The question is the effect to be given the language employed in ascertaining the intention of the parties.

On behalf of plaintiff we are referred to Eggleston v. Hirsch, No. 9549 of the docket of this court (opinion book No. 66, unreported [see Louisiana and Southern Digest]), wherein it was held that "a clause in a building contract reading 'my maximum estimate of the cost of your work is six thousand dollars, including my commission, though I expect to get through with less money, possibly as little as five thousand dollars' carries no warranty as to the ultimate cost, and cannot be pleaded as such by the owner when he is sued for an unpaid balance due the builder as commissions based on ten per cent of the maximum estimate" (syllabus); and to the case of Weibert v. Hanan, 136 App. Div. 388, 121 N. Y. S. 35, 36, where it was held that the fact that a person employed to improve an existing heating plant stated, when looking it over, that the changes would cost in the neighborhood of $1,500, and would not exceed that sum, did not obligate him to do the work for that sum or less.

In the Eggleston case the contract under consideration was admittedly "a cost plus fee contract," and we held that the conduct of defendant in making payments beyond the $6,000 referred to in the contract was inconsistent with his alleged understanding that the work was not to cost more than that sum. In the New York case (Weibert v. Hanan) the contract under consideration involved the taking out of two old boilers in the defendant's cellar and putting in new boilers and new piping, the removal of hot air pipes and registers. "During the progress of the work certain additional defects in the old system were brought to light, particularly in some of the old radiators, which had burst, and in some of the valves, which were defective." With the consent of the defendant the plaintiff remedied these defects. Before undertaking the work, plaintiff, in looking over the old plant, estimated the cost to be in the neighborhood of $1,500. The defendant claimed that plaintiff said it would not exceed $1,500. The plaintiff claimed $1,729.99, and the court held that he was entitled to that amount, notwithstanding his estimate of $1,500 as the probable cost of the work. From our reading of the Weibert case we do not find that the contention that plaintiff had agreed that the cost of the work would not exceed $1,500 was upheld, though from the syllabus quoted by plaintiff's counsel it would appear to have been so held. But, in any event, if the case may be considered as authority for the proposition that a contractor, in estimating the cost of certain work, is not bound by his agreement that it would not cost more than $1,500, we are unable to follow it.

In the case at bar, Westfeldt, desiring to have his electrical wiring put in order, inquired the cost, and was told by plaintiff's representative that it would cost a lot of money, possibly as much as $300, whereupon he gave an order to have the

work performed. We are unable to see in this transaction any stipulation for the payment of the cost of material and labor, with 25 per cent allowance for overhead and 15 per cent for profit, which is the basis of plaintiff's claim. As a matter of fact there is no reference whatever to the cost of material, labor, overhead, or profit, but an agreement to pay an indefinite amount, possibly as much as $300. We cannot view this agreement in any other light than as an undertaking to do the work at a cost not to exceed $300, with a very strong suggestion that it would not amount to that sum. It is our opinion that defendant was justified in believing that he might give the work to the plaintiff upon that assurance.

For the reasons assigned, the judgment is affirmed.