### SEYBOLT ET AL. *v.* BABER
[No. 173, October Term, 1952.]

*Decided July 2, 1953.*

The cause was argued before SOBELOFF, C. J., and DELAPLAINE, COLLINS, HENDERSON and HAMMOND, JJ.

*G. Gregg Everngam,* with whom was *Carlos L. Gartrell* on the brief, for the appellants.

*James R. Miller,* with whom was *Lee C. Miller* on the brief, for the appellee.

DELAPLAINE, J., delivered the opinion of the Court.

This action in *assumpsit* was brought in the Circuit Court for Montgomery County by James M. Seybolt and Vernon D. George, trading as Seybolt & George, against Fred G. Baber and Mary Baber, his wife, to recover $487.55 upon an oral contract to survey a small piece of ground at the rear end of a lot situated at the intersection of Meem and Diamond Avenues in Gaithersburg.

The defendants filed general issue pleas. Mrs. Baber also filed an affidavit in defense of the plaintiffs' motion for summary judgment. She alleged in her affidavit that before the plaintiffs started the work they agreed that the cost of their services would be not less than $80 and not more than $100; that she was ready and willing to pay the maximum price of $100 quoted by the plaintiffs; and that she would consent to the entry of a judgment against her in that amount. She alleged that all of the negotiations for the employment had been conducted between her and the plaintiffs, and that her husband had no knowledge of the matters alleged in the declaration.

On June 5, 1952, the plaintiffs directed that the case be dismissed as to Mr. Baber.

On January 7, 1953, immediately before the trial of the case, Mrs. Baber confessed judgment in open court in favor of the plaintiffs for the sum of $100. The case was then tried on its merits before the Court sitting without a jury.

The plaintiffs based their claim on *quantum meruit.* Mr. George, one of the plaintiffs, testified that Mrs. Baber telephoned their office in Silver Spring on April 13, 1950, and told him that there was a dispute over the location of the dividing line between her property and that of a neighbor, who had warned her not to put up a fence where she contemplated. He testified that

Mrs. Baber employed them to make a survey, but that she never requested them to give her an estimate of the charge for their services. He stated that on April 14 she mailed to him a plat of her property and a report of a title examiner, and subsequently she sent him the deed and other data. He thereupon proceeded to gather material preparatory to making the survey, and during the course of the preparatory "paper work," the defendant and her daughter came to his office and discussed the work. He testified that he and an employee of the firm inspected the property on May 28, 1950, that they began the work of surveying it on May 29, and that they completed it on June 15. He claimed that Mrs. Baber asked him on May 28 how much the work would cost, and he told her he could not tell her on account of "the conflict in the deed and the actual loss of points on the ground." He testified that he had no further conversation with her until after he completed the work and sent her the survey and the bill for it in December, 1950.

On the other hand, Mrs. Baber testified that when she phoned the surveyors' office in Silver Spring about the first of April, 1950, Mr. George promised her that someone from the office would come to her home to discuss the work. She said that, after waiting for some days, she and her daughter went to the surveyors' office and discussed the matter with Mr. George. In telling about their visit there, Mrs. Baber testified as follows: "Our main purpose in going was to see if they would be able to do it, and whether we could afford to have them. So, when one of us asked Mr. George how much he would charge, he said he was very familiar with Gaithersburg and that particular piece of property, and he said it would be from $80 to $100; and that seemed high because we had been quoted a price of $45 by a man who could not do it within a few months, and we wanted it done hurriedly." She further stated that, since Mr. George agreed to do the work for not over $100, she told him "to go ahead and do it."

Mrs. Baber then testified that in the latter part of May, 1950, Mr. George and an assistant appeared at her home and she pointed out to them the ground in dispute. She said that she heard nothing further from the plaintiffs until January, 1951, when she received a bill for $757.55. She phoned to their office and told Mr. Seybolt that she would not pay the bill, as Mr. George had promised that the cost of the survey would not be more than $100. She added that she told him that she "would put the check in the mail that day if they would accept that as payment." She heard nothing further, however, until July, 1951, when she received a bill for $487.55 with an explanation that the previous bill was incorrect due to a mistake of $270 in addition. Mrs. Baber was corroborated by her daughter.

The trial judge found in favor of the defendant, thus leaving standing the judgment for $100 in favor of the plaintiffs. The plaintiffs are objecting here to that judgment.

The appellee filed a motion to dismiss the appeal on the ground that the appellants failed to include any of the testimony in the appendix to their brief. The Court of Appeals adopted Rule 36, putting an end to the necessity of printing records on appeal, with the object of reducing the cost of appellate litigation. For that reason the only things which the rule requires the appellant to print as a part of the appendix to his brief are the judgment, decree or order appealed from, and any opinion or charge of the Court. But Rule 39 states that the appendix to the appellant's brief shall contain, in addition to the above requirements, "such parts of the record as he desires the Court to read."

This Court has repeatedly emphasized the necessity of printing all the testimony material to the issue. Where the Court of Appeals must consider all material evidence in order to decide the question raised by the appellant, the rule does not allow him to pick from the testimony only those portions which he considers favorable to himself and leave out all of the remainder,

but he must print in the appendix all of the testimony that the Court has to have before it if he expects the Court to decide that question. *Sunshine Laundry Corporation v. White,* 197 Md. 582, 80 A. 2d 1; *Strohecker v. Schumacher & Seiler,* 185 Md. 144, 43 A. 2d 208; *Butler v. Reed-Avery Co.,* 186 Md. 686, 48 A. 2d 436; *Naughton v. Paul Jones & Co.,* 190 Md. 599, 59 A. 2d 496; *Platt v. Wilson,* 191 Md. 371, 62 A. 2d 191. Unquestionably the appellants in this case should have printed in their appendix all of the testimony necessary for a proper consideration of the question raised by them. They did not print any of the testimony. However, the appellants printed in their appendix all of the pleadings, several letters, the daily office records, and the opinion of the trial judge, while the appellee printed in the appendix to her brief a considerable amount of testimony. Where the appendix to the appellants' brief consists of the pleadings and the trial judge's opinion, but contains none of the testimony, the Court of Appeals confines its consideration to the testimony in the appellee's brief and the facts found by the judge. *Bishop v. Richard,* 193 Md. 6, 65 A. 2d 334. The conflict in the testimony of Mr. George and Mrs. Baber is a narrow one, and the testimony as above recited was supplied by the trial judge's opinion and the appendix to the appellee's brief. We will, therefore, not dismiss the appeal.

The legal principles governing this case are beyond dispute. Where a contract provides that compensation is to be paid for services, but the amount is not fixed, the party furnishing the services in performance of the contract is entitled to the reasonable value thereof. Where a contract contains an express stipulation as to the amount of compensation, that stipulation is conclusive on the parties and measures the amount of recovery for performance. We adopt the rule that where one party desiring certain work performed, and requests an estimate of the cost, and the other party submits an estimate that the proposed work will cost not less than a certain sum and not more than another sum, whereupon

the first party directs the second party to perform the work, no contract for a specific sum arises, and the second party can recover the reasonable value of the services rendered but not exceeding the larger sum. *Kennedy v. McKone,* 10 App. Div., 88, 41 N. Y. S. 782; *Weibert v. Hanan,* 136 App. Div. 388, 121 N. Y. S. 35; *Bates v. St. Anthony's Church of South Omaha,* 111 Neb. 426, 196 N. W. 638; *Higby v. Hooper,* 124 Mont. 331, 221 P. 2d 1043.

Consequently the issue in this case is only a question of fact. The trial judge commended Seybolt & George as "a firm of some of the best engineers in the county." He also praised the survey which they made for Mrs. Baber, stating that it was done thoroughly. But he explained that the plaintiffs had to meet the burden of proof by a preponderance of the evidence in order to maintain their cause of action.

"I haven't the slightest doubt of Mr. George's integrity," the judge said, "but I also haven't the slightest doubt of the defendant's integrity. Where you have two people who testify to an oral contract, basing it entirely upon recollection, it doesn't give the Court a very firm basis upon which to decide a case. * * * But in order to survey a little triangular piece of ground in the back part of a small lot, it is going to cost nearly $500 to do so, that is something there should be a very definite understanding about, because I dare say that the value of that land in dispute would not come anywhere near the amount of the survey."

In this case the Court has been asked to weigh conflicting testimony. The Court below tried the case without the aid of a jury. When any proceeding at law has been tried upon the facts by the court without a jury, the Court of Appeals may review upon both the law and the evidence, but the judgment of the trial court will not be set aside on the evidence unless clearly erroneous, and due regard will be given to the opportunity of the trial court to judge the credibility of the witnesses. General Rules of Practice and Procedure, pt. 3, subd. 3, rule 9; *Appel v. Hupfield,* 198 Md.

374, 84 A. 2d 94; *Goodwin v. Lumbermens Mutual Casualty Co.*, 199 Md. 121, 85 A. 2d 759.

For the reasons we have given we are unable to say that the judgment entered in the Court below in favor of the plaintiffs is clearly erroneous. Accordingly the judgment must be affirmed.

*Judgment affirmed, with costs.*