DAVID DENTON, DOING BUSINESS AS DENTON EXCAVATING, APPELLEE, v. CLIFFORD E. NELSON, APPELLANT.

290 N. W. 2d 462

Filed April 1, 1980. No. 42695.

William C. Stanek of Stanek & Smith, for appellant.

Clarence E. Mock of Johnson & Mock, for appellee.

Heard before KRIVOSHA, C. J., BOSLAUGH, McCOWN, CLINTON, BRODKEY, and WHITE, JJ.

McCOWN, J.

This is a contract action to recover the balance due under an alleged oral agreement for the construction of certain waterways. As an alternative cause of action the plaintiff sought recovery for the reasonable value of the services under quantum meruit. The case was tried in the county court without a jury. The county court found for the defendant and dismissed plaintiff's petition. On appeal, the District Court found generally for the plaintiff on the cause of action in quantum meruit and entered judgment against the defendant in the sum of $1,621. The defendant has appealed.

The plaintiff is a contractor engaged in earthmoving work. The defendant is the owner of farmland upon which he wished to have certain waterways constructed. The parties were well acquainted and the plaintiff had previously done work for the defendant in bulldozing trees. In 1977, the defendant filed an application with the United States Department of Agriculture requesting federal participation for a waterway project on defendant's land. The project was approved, and the soil conservation service agreed to pay $882 toward the estimated cost of the earthwork for the project. That figure represented 70 percent of the total estimated cost and was computed without reference to any agreements between landowners and contractors. The estimate included only earthmoving within the boundaries of the waterways without reference to any site preparation costs or landscaping.

Plaintiff's testimony was that he entered into an oral agreement with the defendant to construct three waterways on the defendant's land using a Caterpillar bulldozer. The price was to be $40 per hour and there was no discussion about tying the price to

the estimate of the United States Department of Agriculture. The plaintiff testified that he knew the defendant had signed up for the federal program and that the government paid 70 percent of the estimated cost under that program.

The defendant's testimony was that no contract was entered into on the occasion testified to by the plaintiff. Defendant testified that his son had made the preliminary arrangements with the plaintiff to do the work and that the defendant then told the plaintiff to go ahead with the work on the basis of 70 percent from the government and 30 percent from the defendant. The defendant also testified that there was no discussion about an hourly rate, and that he would not have contracted with anyone on an hourly basis.

The plaintiff began construction of the waterways in the fall of 1977, based on oral width and depth specifications given to him by a technician of the United States Soil Conservation Service. Work continued until December 16, 1977, and the work was resumed on March 28, 1978, and completed April 1, 1978. The total job required 109.25 hours, plus 1 hour for equipment moving.

The evidence was in conflict as to the amount of site preparation work which was required and as to the amount of silting which had to be removed. The plaintiff's testimony was that the former waterways, or what was left of them, had completely silted in and that due to the rolling topography of the land, the silt had to be removed and the hillside landscaped before the waterways could be constructed to drain properly. The defendant's evidence was that there was no significant silting and that the work performed by the plaintiff was only shaping up. The evidence was also conflicting as to the reasonable value of the work performed.

The defendant paid plaintiff $300 in November 1977. The defendant's son paid plaintiff $1,200 on

defendant's behalf in December 1977, and the defendant also made a payment of $1,249 in March 1978. On April 3, 1978, plaintiff sent a final statement to defendant showing the sum of $1,663 due. The plaintiff refused payment and this action followed.

Plaintiff's petition in the county court set out two alternative causes of action. The first cause of action was on an oral contract for the performance of the work at an agreed-upon price of $40 per hour. The second cause of action sought recovery for the reasonable value of the services on the basis of quantum meruit. The county court found for the defendant and dismissed plaintiff's petition. The plaintiff appealed to the District Court. The District Court affirmed dismissal of the first cause of action but found generally for the plaintiff on the second cause of action in quantum meruit. The District Court found that the plaintiff constructed the waterways at the specific instance and request of the defendant, which reasonably entailed 109.25 hours of work at the reasonable rate of $40 per hour, resulting in the sum of $4,370 due plaintiff from defendant, less credit for $2,749 previously paid. The District Court entered judgment against the defendant for the sum of $1,621, together with costs.

The defendant contends that on an appeal from the county court to the District Court de novo on the record, where the evidence is in conflict, the District Court should consider the fact that the county court had an opportunity to observe the witnesses and their manner of testifying, and must have accepted one version of the facts rather than the other. The plaintiff contends that it is the duty of the District Court to reach an independent conclusion without reference to the decision of the county court, and that the judgment of the District Court is supported by the evidence and is not clearly wrong.

Where services are furnished to a party and know-

ingly accepted by him, the law implies a promise on his part to pay the reasonable value of the services. Bush v. Kramer, 185 Neb. 1, 173 N. W. 2d 367 (1969).

On appeal from the county or municipal court to the District Court in civil matters under section 24-541, R. R. S. 1943, it is the obligation of the District Court to reach an independent conclusion without reference to the decision of the county or municipal court. Where a civil case has been tried in the District Court on appeal from the county court de novo on the record pursuant to section 24-541, R. R. S. 1943, the Supreme Court on appeal examines the evidence and the record. The judgment of the District Court on the facts will not be set aside if there is sufficient competent evidence to support it. County of Merrick v. Beck, *ante* p. 829, 290 N. W. 2d 642 (1980).

There is sufficient competent evidence in the present case to support the judgment of the District Court.

AFFIRMED.

HASTINGS, J., participating on briefs.