P. A. RUZICKA, DOING BUSINESS AS P & G BUILDERS, APPELLEE, v. MARTIN E. PETERSEN, JR., AND JANELLE L. PETERSEN, HUSBAND AND WIFE, APPELLANTS.

330 N.W.2d 913

Filed March 4, 1983. No. 82-108.

Seb Caporale, for appellants.

Albert Lustgarten, for appellee.

KRIVOSHA, C.J., MCCOWN, and HASTINGS, JJ., and GRANT and HOWARD, D. JJ.

HOWARD, D.J.

Defendants appeal from a decree foreclosing plaintiff's mechanic's lien for labor in the construction of defendants' house, assigning as error only that a cost estimate submitted by plaintiff in the amount of $5,490 constituted a fixed contract price, which plaintiff had been paid, and that the court should not have allowed recovery on a quantum meruit basis in a larger amount. Defendants also seek reversal of the

trial court's dismissal of their counterclaim for an alleged mistaken overpayment to plaintiff. There is no claim or question regarding sufficiency or quality of the work.

The estimate is in typewritten form and reads: "Construction cost Estimate by P & G Builders for home of Mr. & Mrs. Martin Petersen. Frame and Finish as per plan all Cabinets, Vanities, Book Cases and Wet bars, Family room beams (no paneling). Cost estimate based on carpenter labor of $12.00 per hour. Total $5490.00." The underlining of the word "Estimate" is typewritten as an original part of the document.

The framing wall was completed about March 13, 1978. Plaintiff sent a bill to defendants, reciting "Framing labor on 12315 Seward St., 446½ hrs. @ $12.00. Framing labor due $5358.00." That amount was paid by defendants a few days later. The finish work was completed in July or August, and plaintiff mailed defendants a bill for $4,074, which is described, but which is not in evidence. Plaintiff met with defendants at their home on about August 7 and defendants paid $1,000, agreeing, according to plaintiff, to pay the remainder when they could. There is no evidence in the record that defendants complained of an overpayment of $868 (more than the $5,490 figure) before their counterclaim was filed. Mrs. Petersen testified that at the time they paid the $1,000, Mr. Petersen asked plaintiff, "Why did you go so far over your estimate or your bid?"

Defendants do not contend that the $1,000 payment was made in compromise or as an accord and satisfaction, but place their reliance on the contention that the $5,490 was a firm contract price and that the "overpayment" was a mistake, in that they thought a payment of $1,000 would bring the total of their payments to $5,490. Reviewing the case de novo on the record, we are not persuaded by defendants' version. By the same standard of review, we find the reasonable value of the work done to be the total of

the two bills, as contended for by plaintiff and disputed only by a witness who had done framing in the past but no cabinet work, and who had not been inside defendants' house. Regardless, however, of the construction which defendants appear to have placed upon the estimate, we must consider defendants' argument, actually straying from the assignments of error, that although plaintiff was entitled to recover for the reasonable value of the work done, his recovery could not exceed $5,490. Defendants cite *Denniston and Partridge Company v. Mingus,* 179 N.W.2d 748 (Iowa 1970), but in that case, in reviewing the trial court's finding that the parties had agreed plaintiff would build a crib and granary for "$5000, more or less," the Iowa Supreme Court held that the parties had an estimate, not a contract price, and the builder was entitled to recover on the theory of an implied contract for the fair and reasonable value of the work. The court pointed to the generally accepted definition of "estimated cost" of a building as its reasonable cost, erected in accordance with plans and specifications, and as not necessarily the amount agreed upon by the parties or as an offer to be accepted; that an estimate is the equivalent of "more or less"; that it does not pretend to be based on absolute calculations; and that the use of the term precludes accuracy. The court distinguished the case from the rule quoted in 17A C.J.S. *Contracts* § 363 at 368 (1963): "Where the contractor submits an estimate that the proposed work will cost not less than a certain sum and not more than another sum, whereupon he is directed to perform the work, no contract for a specific sum arises, and the contractor can recover the reasonable value of the services rendered, but not exceeding the larger sum." That is the holding of *Bates v. St. Anthony's Church,* 111 Neb. 426, 196 N.W. 638 (1923), which is also relied upon by defendants, who argue that "in the present case, there was no minimum in the estimate, just one figure that of

$5,490," and accordingly a maximum figure is thereby established. No authority for this proposition is stated, nor have we found any. There is authority to the contrary, as in *Vester J. Thompson, Jr., Inc. v. Citmoco,* 371 So. 2d 35 (Ala. Civ. App. 1977), where the contractor's estimate was $10,000 and the bill $15,420.79. The Alabama court quoted the *Denniston* case's definition of estimate, held that the contractor's recovery would not be limited to a $10,000 maximum, and distinguished the case from one in which a maximum amount had been quoted.

Where services are furnished to a party and knowingly accepted by him, the law implies a promise on his part to pay the reasonable value of the services. *Denton v. Nelson,* 205 Neb. 833, 290 N.W.2d 462 (1980).

The ultimate cost, compared with the estimate, was no doubt disappointingly high in the perspective of defendants, but we are cited to no authority and we are aware of no dominating principle which, on these facts and within reach of the assignments of error, require a result different from that decreed by the trial court.

AFFIRMED.