EQUILEASE CORPORATION, APPELLANT, V. NEFF TOWING SERVICE, INC., APPELLEE.

418 N.W.2d 754

Filed February 5, 1988.    No. 85-998.

Kirk E. Brumbaugh of Thompson, Crounse, Pieper & Quinn, for appellant.

Michael W. Pirtle of Walentine, O'Toole, McQuillan & Gordon, and Michael McCormack of McCormack, Cooney, Mooney & Hillman, for appellee.

HASTINGS, C.J., BOSLAUGH, WHITE, CAPORALE, SHANAHAN, and GRANT, JJ., and COLWELL, D.J., Retired.

COLWELL, D.J., Retired.

These proceedings originated as a replevin suit brought by plaintiff, Equilease Corporation (Equilease), to recover two utility refrigerated trailers withheld by defendant, Neff Towing Service, Inc. (Neff Towing), for nonpayment of a claimed artisan's lien, Neb. Rev. Stat. § 52-201 (Reissue 1984). A jury was waived. Judgment was entered for Neff Towing on its counterclaim against Equilease for $10,254. Equilease appeals. We affirm.

Equilease assigns five errors: (1) The lower court erred in finding James McCann to be an agent of Equilease; (2) the lower court erred in finding that notice of the location of the trailers was communicated to Equilease; (3) the lower court erred in finding that Equilease requested Neff Towing's services or offered payment to Neff Towing directly or by implication; (4) the lower court erred in finding that Neff Towing was entitled to a full 2 years' storage fees under quantum meruit; and (5) the lower court erred in dismissing Equilease's petition in replevin.

In a law action where a jury was waived, the findings and disposition by the trial court have the effect of a jury verdict, and the judgment will not be disturbed unless clearly wrong. *Schmode's, Inc. v. Wilkinson*, 219 Neb. 209, 361 N.W.2d 557

(1985); *Ford v. Jordan*, 220 Neb. 492, 370 N.W.2d 714 (1985).

Equilease, headquartered in New York City, is in the business of owning and leasing heavy equipment. It leased four 1979 utility refrigerated trailers and a Kenworth truck tractor to James Otto of Omaha, Nebraska. Otto soon defaulted on payments. The whereabouts of the equipment was unknown to Equilease. In July 1980, Equilease engaged the legal services of Douglas Quinn of the law firm of Thompson, Crounse and Pieper, of Omaha, Nebraska, to recover this equipment, with authority to take whatever steps were necessary, including a replevin suit. Quinn hired James McCann of Omaha, Nebraska, a specialist in repossessing cars, to locate the equipment. On July 17, 1980, McCann orally reported to Quinn the location of one trailer in nearby Council Bluffs, Iowa. Quinn instructed McCann to have the trailer towed to Nebraska, which was done at McCann's request by defendant, Neff Towing, which then placed the trailer in its Omaha storage lot. McCann notified Quinn by telephone concerning the repossession and the place of storage. On July 20, 1980, McCann located another trailer in Council Bluffs, and, pursuant to Quinn's instructions, McCann had the second trailer towed by Neff Towing from Iowa to its storage lot in Omaha. McCann again notified Quinn about this procedure. Neff Towing billed McCann for the services performed. Neff Towing never did notify Equilease concerning the storage of the trailers.

The record is silent concerning the two trailers until January 1982, when Quinn apparently notified Equilease of their location and the claim of Neff Towing for towing and storage. A replevin suit was filed and a subsequent temporary order in replevin was entered on April 19, 1982. Neff Towing filed a counterclaim for towing and storage. By stipulation of the parties and the posting of a $10,000 bond on May 25, 1982, by Equilease, the two trailers were released to Equilease.

The first three assigned errors are considered together.

Agency is the fiduciary relation which results from the manifestation of consent by one person to another that the other shall act on his behalf and subject to his control, and the consent of the other to so act. *Reeves v. Associates Financial*

*Services Co., Inc.*, 197 Neb. 107, 247 N.W.2d 434 (1976).

It is clear from the evidence that Quinn was the agent of Equilease to do whatever was necessary to locate and recover possession of the two trailers and that Quinn was not expected to act as its investigator to locate the equipment. The location of the trailers is not an issue here; rather, the issue is the recovery, towing, and storage of the two trailers.

That leads us to the relationship between McCann, Quinn, and Equilease, and the nature of McCann's authority to have the trailers towed and stored for Equilease. "A subagent is a person appointed by an agent to perform some or all of the business relating to his agency." 2A C.J.S. *Agency* § 35 at 599 (1972).

> An agent appointed for a specific duty is not authorized to appoint subagents for the transaction of the business of his principal, but may delegate to a subagent the execution of merely mechanical, clerical, or ministerial acts involving no judgment or discretion, and such acts of the subagent so authorized are regarded as the acts of the agent who authorizes them, and are binding upon the principal.

(Syllabus of the court.) *Wilken v. Capital Fire Ins. Co.*, 99 Neb. 828, 157 N.W. 1021 (1916).

Equilease contends that McCann was an independent contractor and not its agent.

> The factors to be considered in determining whether one acting for another is an agent or independent contractor are, among other things, (1) the extent of control which, by the agreement, the employer may exercise over the details of the work, (2) whether the one employed is engaged in a distinct occupation or business, (3) the kind of occupation, with reference to whether, in the locality, the work is usually done under the direction of the employer or by a specialist without supervision, (4) the skill required in the particular occupation, (5) whether the employer or the one employed supplies the instrumentalities, tools, and the place of work for the person doing the work, (6) the length of time for which the one employed is engaged, (7) the method of payment, whether by the time

or by the job, (8) whether the work is a part of the regular business of the employer, (9) whether the parties believe they are creating an agency relationship, and (10) whether the employer is or is not in business. *Herman v. Bonanza Bldgs., Inc.*, 223 Neb. 474, 479-80, 390 N.W.2d 536, 541 (1986).

Although McCann testified that in his business he considered himself to be an independent contractor, we look to the record for the facts to determine his status. He was a specialist in locating and repossessing vehicles. In fact, in mid-1980, Equilease had hired McCann to locate the same equipment. That arrangement was terminated about June 20, 1980. When Quinn engaged McCann's services, no instructions were given concerning the main task of locating the trailers; McCann was probably an independent contractor while performing the location task. That status ended when McCann located the two trailers in Council Bluffs and followed Quinn's further instructions regarding their disposition.

There is conflict in the evidence concerning McCann's testimony that he notified Quinn of the location, towing, and storage. Quinn testified that he could not recall having received such telephone calls from McCann. Where there is conflict in the evidence, this court will consider the fact that the trial court saw and heard the witnesses and observed their demeanor while testifying, and will give great weight to the trial court's judgment as to credibility. *Bahm v. Raikes*, 200 Neb. 195, 263 N.W.2d 437 (1978).

From the record the court could find that McCann gave notice to Quinn by telephone, first, that the trailers had been located and, next, that the trailers had been towed from Council Bluffs and placed in storage at Neff Towing in Omaha. After Quinn was notified that the first trailer was in Council Bluffs, McCann requested, received, and followed the instructions of Quinn, who wanted the trailers returned from Iowa to Nebraska (Omaha). Quinn instructed McCann to perform ministerial acts and duties as his subagent to arrange for the necessary towing and the storage of the trailers in Omaha. McCann performed these duties by engaging the local

available services of Neff Towing. Quinn exercised complete control of McCann's services after the trailers were located, and McCann only performed services as a subagent as directed by Quinn.

It is the duty of an agent to communicate to his principal all the facts concerning the service in which he is engaged that come to his knowledge in the course of his employment, and this duty, in a subsequent action between his principal and a third person, he is conclusively presumed to have performed. This is the foundation of the doctrine that notice to an agent is notice to the principal. See *City of Gering v. Smith Co.*, 215 Neb. 174, 337 N.W.2d 747 (1983). The evidence supports a finding that Equilease had notice of the location, recovery, towing, and storage of the two trailers.

McCann had used the services of Neff Towing on many prior occasions. From the nature of McCann's business, McCann had apparent authority on which Neff Towing could rely to order the towing and storage of the trailers on behalf of Quinn, whether Quinn's identity was known or unknown. Quinn, acting through his subagent, McCann, acted within the scope of his authority to do whatever was necessary to recover the trailers, *J. R. Watkins Co. v. Wiley*, 184 Neb. 144, 165 N.W.2d 585 (1969); Quinn's authority was traceable to Equilease, *Draemel v. Rufenacht, Bromagen & Hertz Inc.*, 223 Neb. 645, 392 N.W.2d 759 (1986); Quinn's broad authority included engaging and accepting the services in fact performed by Neff Towing; and the acts of Quinn and the requested services performed by Neff Towing were binding on Quinn's principal, Equilease.

The fourth assignment goes to the amount of damages. "Where services are furnished to a party and knowingly accepted by him, the law implies a promise on his part to pay the reasonable value of the services." *Ruzicka v. Petersen*, 213 Neb. 642, 645, 330 N.W.2d 913, 914 (1983).

The record supports the finding of the trial judge that the reasonable value of the towing and storage services was $50 for each towing and $7.50 per day storage for each trailer.

Equilease is charged with the reasonable value of the services performed for it by Neff Towing. Any inconvenience and

damage to Equilease caused by the delayed notice and long storage term resulted from the breakdown of responsibility and communication between principal and agent, which is not an issue here.

Lastly, the fifth assignment is not addressed by Equilease in its brief. Consideration of a case on appeal to this court is limited to errors assigned and discussed. See, Neb. Ct. R. of Prac. 9D(1)d (rev. 1986); *Beatty v. Davis*, 224 Neb. 663, 400 N.W.2d 850 (1987); *State v. Bonczynski, ante* p. 203, 416 N.W.2d 508 (1987).

The judgment of the trial court was not clearly wrong.

AFFIRMED.