## MARTIN HOWARD CONDRY, ET AL. *v.* CHARLES C. LAURIE, ET UX.

[No. 96, October Term, 1945.]

*Decided March 15, 1946.*

The cause was submitted on brief to MARBURY, C. J., DELAPLAINE, COLLINS, GRASON, HENDERSON, and MARKELL, JJ.

*Thomas Lohr Richards* and *H. G. Shores* appeared on the brief for the appellants.

No brief and no appearance for the appellees.

COLLINS, J., delivered the opinion of the Court.

Charles C. Laurie and Bertha Laurie, his wife, on October 20, 1943, filed in the Circuit Court for Allegany County a bill of complaint against Martin Howard Condry and Joseph LaPorta alleging that the respondents had erected a barricade over and across an alley which was the only means of access to complainants' property. The bill asked that the respondents be enjoined from interfering with the complainants' use of said right-of-way and that a mandatory injunction be issued commanding the removal of the barriers across this right-of-way. After a hearing, the Court granted the relief prayed by a decree filed on July 27, 1944, and from that decree the respondents appealed here. The opinion of the Court appeared in the case *Condry et al. v. Laurie et ux,.* 184 Md. 317, 41 A. 2d 66, 69.

This Court in that case held that a way of necessity existed to the appellees' land unless the appellees could

reach the county road by a ten-foot road along adjacent land as contended by the appellants. This Court remanded the case "to give the parties an opportunity to present additional evidence for the purpose of determining whether or not complainants now have access to the county road." This Court also held in that case that "of course, if the cost of constructing a road over one's land as a means of access to the public highway would require unreasonable expense out of proportion to the value of the land, then there exists such necessity for a way over the grantor's land as to justify recognition of a way by implication. * * * But the Court will not recognize a way of necessity if another road to the public highway can be made without unreasonable expense, even though the other road may be much less convenient."

The case was remanded and a further hearing held. As a result the Chancellor found that no alternate route out of the complainants' premises is legally available to them and even if it were, the cost of constructing such alternate route was entirely and unreasonably out of proportion to the value of complainants' land. Therefore he found that the original way of necessity from the complainants' land over the respondents' alley still existed and that complainants' were entitled to the free and unobstructed use thereof. He signed the same decree as in the former case and from that decree the appellants appeal here.

The law announced in the case of *Condry et al. v. Laurie et ux.*, 184 Md. 317, 41 A. 2d 66, *supra,* becomes the law of this case.

In the case now before this Court the appellants filed a letter in this Court stating that as the appellees' brief of one page consisted only of a statement that it adopts "the Chancellor's opinion which appeared on Page 21 of the appellant's brief," and as counsel for the appellees advised this Court last December that they would file no brief, and as this so-called brief was filed too late, under the provisions of Rule 40, Section 2, of the Court of Appeals which provides that "when an appellee is in

default, he will not be heard except on consent of his adversary, or by request of the Court," the appellants objected to the appellees counsel being heard in argument. The appellees answered that no brief had been filed because of the inability of appellees to pay the costs. This Court therefore advised the counsel for the appellees on February 5, 1946, that we declined to hear argument of appellees in this case. The appellees have not paid the costs of the former case as ordered by this Court.

The appendix to the appellants' brief consists of nothing other than the opinion of the Chancellor and the decree. This Court very clearly and forcibly pointed out in the case of *Strohecker v. Schumacher et al.*, 185 Md. 144, 43 A. 2d 208, 209, through Chief Judge Marbury the necessity, under Rule 39 of this Court, for the appellant to include in the appendix to his brief "such part of the record as appellant desired the Court to read. * * * In the future, we do not intend to pass the one typewritten copy of the record from member to member of this Court so that each one may hunt up for himself what the appellant is discussing in his brief. * * * They should not be surprised if, in the future, the Court examines only the record printed in the appendices and decides cases on these printed portions alone." This Court is therefore of the opinion that this case should be determined on the opinion of the lower Court and the decree.

Appellants contend that as the appellees own Lot No. 6 on Price's alley, the ten-foot right-of-way mentioned in the other case, and as Lot No. 6 adjoins the land from which the appellees desire a right-of-way, that they therefore have access across Lot No. 6 to Price's alley and through that alley to the county road. Appellants further contend that Martin Howard Condry, one of the appellants, testified that a lane could be built through Lot No. 6 "for not more than one hundred dollars" and Thomas Condry testified that it would cost between fifty and seventy-five dollars to build a roadway through Lot No. 6 comparable to the roadway on his brother's land

which he helped to build. Appellants also contend that "considerable testimony was taken in regard to two other ways which are available to the appellees, by following an old road but not now used crossing Braddock Run, which is about three feet wide and six inches deep, and following the run in a southeasterly direction to the cement bridge on the County Road, or going in a northerly direction to the County Road. On the southerly course a part has been blocked by a slide of earth or mine refuse. Estimates of the cost of opening, this road for vehicular traffic varied greatly. Laurie said that the cost would be $200 or $300, and that it would not be necessary to build a bridge across Braddock Run and that it had been forded for many years. Coleman testified that the cost of opening the Braddock Run road to the north would be about $100 and to open this road to the south would cost about $1,000, but that it would not be necessary to do either as Laurie already has a clear road out the Price alley."

Appellants further state in their brief that there is nothing in the pleadings or other proceedings in this case, or in the law generally to justify the trial Court in deciding that the appellees have no right to use the Price alley for the benefit of their other Land, Lots Nos. 2 and 3. We cannot pass upon that question as the deed to Lot No. 6 is not in the printed appendix. In the typewritten record, the description in the deed describes one of the boundaries as "running with said Lane" but there is no reference to a right-of-way over the lane.

On the other hand, the opinion of the Court shows that the testimony is uncontradicted, that Lot No. 6, owned by the appellees, is much lower than the county road, Parkersburg Road, and that the natural flow of water is through Lots Nos. 3, 4 and 5, onto Lot No. 6, to such an extent that it was necessary to construct a ditch through Lot No. 6 to carry off the water. Further that it was shown without contradiction that in order to construct a road over Lot No. 6 to Price's alley, it would be necessary to take care of the water by ditches. Philip J.

Arendes, a road construction engineer of more than forty years experience, after a personal inspection, testified that to build a road over Lot No. 6 of the same kind as the Condry alley in dispute would cost $611.75. Another engineer, Mr. Walker, familiar with real estate values, testified that the value of the land to be appropriated for the proposed road would be $40 so that the total cost would be $651.75. The complainants testified that they bought the original property for $435 and Mr. Walker testified that the present market value of this land is $435. Price also testified that he had lived on Lot No. 1, bordering Price's alley, for forty-four years, that it was a private alley and there were times when he forbade relatives of the respondents to use it. The four property owners abutting on Price's alley are not parties to this case and the Court below found that ownership of Lot No. 6 did not give a right-of-way to Lots Nos. 2 and 3 over this alley.

As to a right-of-way the rear of the property, the testimony shows that the old road had been abandoned for more than twenty years. The cost of removing the debris from the adjoining slate bank, seventy-five feet in height, would be at least $2,000. Respondents' own witnesses testified that the old road to the north was abandoned, swampy, and that it would cost $1,000 to reopen it. Martin Condry, one of the appellants, testified in the previous case that in order for the appellees to get access to this abandoned road, it would cost at least $500 to build a bridge over Braddock Run.

Applying this testimony to the law announced in the former case, it appears that the cost of constructing a road, other than the one in dispute, for access to the public road, would be out of proportion to the value of the land, $435, and therefore that a way of necessity exists to the appellees' land. Therefore the decree of the Chancellor will be affirmed.

*Decree affirmed, with costs.*