NAUGHTON *v.* PAUL JONES & CO., INC., ET AL.

[No. 171, October Term, 1947.]

600

*Decided May 21, 1948.*

The cause was argued before MARBURY, C. J., DELA-PLAINE, COLLINS, HENDERSON, and MARKELL, JJ.

*Joseph H. Colvin* for the appellant.

*William D. Macmillan* for the appellees.

MARKELL, J., delivered the opinion of the Court.

This case has been heard on motion to dismiss the appeal because appellant's brief and appendix do not properly present any question for review in accordance with the rules of this court. The case is an appeal by claimant from a judgment for employer and insurer, entered October 24, 1947, reversing an award, made by the State Industrial Accident Commission on June 17, 1947, of compensation to claimant at $10.00 per week for 300 weeks. Claimant was the mother of the employee, who was killed by an accident in the course of his employment on May 28, 1945. Two issues were submitted to the jury: Was claimant (1) partially or (2) wholly dependent on decedent for support at the time of his death. The jury answered both questions "No". The testimony was conflicting. The issues were clearly submitted to the jury in a charge to which no objections were made.

Until about 1941 decedent, who never married, supported claimant, who lived and still lives at Cambridge, Massachusetts. The testimony is in conflict as to whether after 1941 he supported her, either wholly or partly, until his death. About 1942 in Baltimore he began living with a married woman, who has two children. She lived with him, ostensibly as his wife under his name, until his death, and after his death collected group life insurance as his widow. Claimant testified that she was supported by decedent from 1941 until his death. Daughters of claimant testified that claimant received from him, or he sent her, money as late as 1944 or 1945. For employer and insurer his paramour testified that while they lived together he gave her his pay envelope or cashed his pay checks in her presence and turned over the money to her, she gave him a few dollars a week as he needed it and used the rest for rent and food and for herself and one or both of her children, and there was no money he could have sent to claimant. At times, when

he was not working, she worked and supported the household.

Appellant's brief states the questions presented as (1) whether a witness's testimony contrary to her pre-. vious testimony and flatly contradicted has any evidential value, (2) whether claimant is a dependent of decedent under the Workmen's Compensation Act, Code 1939, art. 101, § 1 et seq., and (3) whether the court should have granted claimant's motion for a directed verdict and her motion for judgment *n.o.v.* None of these questions is properly presented, if indeed they could be raised at all on this appeal. The first is a question for the jury, especially as to alleged conflict between testimony before the court and previous testimony before the commission. *Florentine v. State,* 184 Md. 335, 341, 342, 40 A. 2d 820; *Porter v. Quarry Co.,* 161 Md. 34, 37-39, 155 A. 428. To pronounce a witness's testimony "too inconclusive, contradictory, and uncertain, to be the basis of a legal conclusion" (*Slacum v. Jolley,* 153 Md. 343, 351, 138 A. 244, 248), we must at least have the testimony before us. Appellant's appendix contains no testimony at all. We may say that on the summation of the woman's testimony in appellant's brief we could not say, as a matter of law, that her testimony has no evidential value. Alleged contradictions relate to minor details. The jury had ample warrant either to discredit her as a witness or to believe material parts of her testimony mentioned above. By the same token, no question is properly presented as to refusal to direct a verdict or to enter judgment *n.o.v.* We cannot pass upon the legal sufficiency of evidence not properly before us. Furthermore, we think appellant's version of the woman's testimony is itself sufficient to sustain the verdict. The second question is the ultimate question for the jury, not (for the reasons already stated) for the court.

Appellant's appendix sets out, without any explanatory context, two letters from the woman to one of decedent's sisters, dated December 3 and 8, 1945, *i. e.,*

six months after his death. On cross-examination of the woman these letters were offered by appellant and excluded by the court. One contains, in a postscript, the statement, "Mike [decedent] was only working there a little bit more than a month. He had just come back to Baltimore and went to work". Appellant argues that this statement would have discredited the woman's testimony that they had lived together continuously for three years before his death. The lower court apparently saw no contradiction of her testimony in this statement. To find reversible error in this ruling, it would be necessary for us to find (a) contradiction of the woman's testimony and (b) abuse of discretion in excluding cross-examination on matters, irrelevant in themselves, admissible (if at all) only to discredit the witness. Appellant's brief indicates that the court allowed considerable latitude in cross-examination to discredit the woman. In this and other respects, the scope and extent of cross-examination is ordinarily within the trial court's discretion, reviewable only in case of abuse of this discretion. *Marino v. State,* 171 Md. 104, 111-114, 187 A. 858; *Panitz v. Webb,* 149 Md. 76, 80, 81, 130 A. 913; *Corens v. State,* 185 Md. 561, 566, 45 A. 2d 340. In the absence of the woman's testimony in appellant's appendix, we find neither abuse of discretion nor contradiction of her testimony.

Rule 39, sec. 1 of this court provides that appellant's brief shall contain an appendix which "shall contain such parts of the record as he desires the Court to read." We have repeatedly held that this rule means just what it says (*Strohecker v. Schumacher,* 185 Md. 144, 146, 147, 43 A. 2d 208; *Condry v. Laurie,* 186 Md. 194, 197, 46 A. 2d 196; *Grimm v. Virts,* 189 Md. 297, 299, 55 A. 2d 716, 717) and that disregard of it may result in dismissal of an appeal. *Butler v. Reed-Avery Co.,* 186 Md. 686, 689-690, 48 A. 2d 436, 438, 439. The rule does not require unnecessary printing. By dispensing with printing of records as such, the rule is "designed to facilitate, by condensation, not to prevent, full considera-

tion of each case by all the judges." It is expected and must be assumed "that the appendices contain, in substance, all that is needed for decision of the case." *Foley v. Hoffman,* 188 Md. 273, 288, 52 A. 2d 476, 483. In one case, in which the appellants' appendix contained no evidence at all, we reversed the decree on the uncontroverted facts set out in the briefs and in the opinion below. *Grimm v. Virts,* 189 Md. 297, 299, 303, 55 A. 2d 716, 717. If the appellant's brief contains a statement of facts which the appellee accepts as accurate and sufficient, no evidence in appellant's appendix and no record references are necessary. But, in the absence of a stipulation between the parties, an appellant would act at his peril. If his statement of facts is disputed by his adversary and is not supported by evidence in his appendix, the only questions reviewable are questions which may be decided on facts that are not disputed.

In the case at bar the transcript and appellant's appendix contain copies of proceedings in the woman's divorce case, not offered in evidence but filed in the lower court on January 10, 1948, *i. e.,* two months after the judgment and the instant appeal. Rule 18 of this court provides that "it is not necessary for the record on appeal to be approved by the lower Court or the judge thereof." The parties must file in the lower court designations of "the portions of the record, proceedings and evidence" to be contained in the record on appeal. This rule is not designed to impose judicial duties on the clerk. We think, however, that the clerk might properly have refused to incorporate in the record on this appeal these divorce proceedings or any other palpably foreign matter which is not in any sense a "portion of the record, proceedings and evidence" in the instant case.

*Appeal dismissed, with costs.*