## PLATT *v.* WILSON

[No. 6, October Term, 1948.]

372

*Decided November 10, 1948.*

Submitted on brief before MARBURY, C. J., DELAPLAINE, COLLINS, HENDERSON, and MARKELL, JJ.

Submitted on briew by *McKay & Gordon* for the appellant.

Submitted on brief by *Walter L. Green, Green, Whalin, Babcock & Bell* and *Henry A. Babcock* for the appellee.

HENDERSON, J., delivered the opinion of the Court.

This appeal is from a decree of the Circuit Court for Prince George's County, in equity, directing an administrator to assign title to an Oldsmobile to the appellee, upon payment by her of the sum of $238.91, or, if the administrator should fail or refuse to assign, appointing a trustee without bond to make the assignment. The suit was instituted by the appellee in order to impress the automobile with a trust in her favor, upon the allegation that she had supplied all the funds for the purchase of the car, which was titled in the name of the decedent, her fiancee.

The appellant, the father of the decedent who had assigned the title to himself, individually, contends that there was no evidence offered at the trial legally sufficient to establish a resulting trust, and that the appellee was guilty of laches and estopped from asserting her claim by her delay until after the estate had been administered. The appellee has filed a motion to dismiss the appeal on the ground, among others, that the appellant has printed no appendix to his brief.

We think the motion must be granted. We have indicated in several recent cases that this court will not undertake to pass upon testimony contained in the transcript, but not printed in an appendix to the brief, as contemplated by rule 39 of this court, so as to be available to each member of the court. *Hill v. State*, 190 Md. 698, 703-704, 59 A. 2d 630, 633; *Naughton v. Paul Jones & Co.*, 190 Md. 599, 604-605, 59 A. 2d 496; *Butler v. Reed-Avery Co.*, 186 Md. 686, 48 A. 2d 436; *Strohecker v. Schumacher & Seiler*, 185 Md. 144, 146, 43 A. 2d 208. Not only is there no appendix containing testimony, but the careful opinion of the chancellor, incorporated in the transcript, is not reproduced in an appendix, as required by Rule 36 of this court. It appears from a reading of this opinion that important documentary and corroborative testimony of payments by the appellee, relied upon by the chancellor, is not in the record at all. The incomplete portions of the testimony for the plaintiff, printed in the

374

appellant's brief, cannot supply this deficiency. Moreover, it is difficult to see how testimony that clearly supports the allegation of payment by the plaintiff could in any event justify a reversal on an issue of disputed fact. Nor can we say that a mere delay in making claim, in the absence of facts showing that the lapse of time was unreasonable or prejudicial, would bar recovery.

*Appeal dismissed, with costs.*