MUSSER, ET AL. *v.* CITIZENS BANK OF TAKOMA
PARK ET AL.

[No. 131, October Term, 1949.]

*Decided April 14, 1950.*

The cause was argued before MARBURY, C. J., COLLINS, GRASON, HENDERSON and MARKELL, JJ.

*Edward J. Quigley,* with whom was *E. Regis Noel* on the brief, for the appellants.

*Leo Bender* for the appellees.

GRASON, J., delivered the opinion of the Court.

The plaintiffs filed in the Circuit Court for Montgomery County their declaration in this case against the defendants, in which they charged that the defendants entered into and prosecuted a conspiracy against them whereby they suffered $65,000 damages. A demurrer was interposed, which the court sustained, with leave to file an amended declaration. An amended declaration was filed to which a demurrer was sustained, with leave to further amend in thirty days. Plaintiffs did not file a second amended declaration in the time limited, whereupon the defendants moved for a judgment of *non pros,* which was accordingly entered. The plaintiffs appeal and the appellees move to dismiss the appeal.

Rule 39, Sec. 1, of the Rules and Regulations Respecting Appeals, from courts of law to this Court, provides what the brief of an appellant must contain. Paragraph (e) of that rule requires "An appendix (to the brief) which, in addition to what is required by Rule 36, shall contain such parts of the record as he desires the Court to read. * * *" The appellants' brief was filed in this Court on December 29, 1949. It contains no appendix. On March 8, 1950, the matter came on for argument before this Court. On that day the appellants filed a printed copy of their amended declaration in this Court. Manifestly this Court must read the amended declaration which the appellants contend states a legal cause of action, if this Court is to decide whether the declaration is good or bad.

If there is no appendix to a brief, which contains the subject matter out of which the appeal arose, the Judges of this Court will not know what the real matter of the appeal is, and the purpose of an appendix is to give that information so that consideration can be given to the matter before the case is called for argument.

We have repeatedly stated that the rules of this Court must be complied with, and warned of the consequence of their violation. *Strohecker v. Schumacher & Seiler,* 185 Md. 44, 43 A. 2d 208; *Condry v. Laurie,* 186 Md. 194, 46 A. 2d 196; *Butler v. Reed-Avery Co.,* 186 Md. 686, 690 48 A. 2d 436, 438. In the latter case, referring to the *Strohecker v. Schumacher & Seiler* case, *supra,* we said: "Full warning was given in that opinion of what would be done in the future when the rules of this court are violated."

*Appeal dismissed, with costs.*