SUNSHINE LAUNDRY CORPORATION, ET AL. *v.*
WHITE

[No. 136, October Term, 1950.]

*Decided April 18, 1951.*

The cause was argued before MARBURY, C. J., and DELAPLAINE, COLLINS, GRASON, HENDERSON and MAR-KELL, JJ.

*Philip T. McCusker, Special Attorney for State Accident Fund,* with whom was *Hall Hammond, Attorney General,* on the brief, for the appellants.

*James P. Bailey,* with whom were *Hamilton P. Fox, Jr.,* and *Clark & Hearne,* on the brief, for the appellee.

MARBURY, C. J., delivered the opinion of the Court.

The appellee was a dependent of his daughter, Rosa May Furr, who was killed on March 7, 1950, as a result of an accidental injury arising out of and in the course of her employment with the Sunshine Laundry Corporation. After a hearing, the State Industrial Accident Commission found on June 30, 1950, that he was partially dependent on the deceased, and made him an allowance based on that dependency. He appealed from this order

to the Circuit Court for Wicomico County, and there the case was tried before the court and a jury on the issue, "Was the appellant, Aaron R. White, wholly dependent upon the deceased, Rosa May Furr, at the time of her death on March 7, 1950?" At the conclusion of the testimony, employer and insurer filed a motion for a directed verdict. This was overruled, and the case was permitted to go to the jury which answered the issue, "Yes." A motion for a judgment N. O. V., or, in the alternative, for a new trial, was also overruled, and thereafter the employer and insurer appealed. The sole question raised on this appeal is whether the trial court erred in not directing a verdict for the employer and insurer on the issue of total dependency.

In the consideration of a motion for a directed verdict by the trial court, it is the well-recognized rule that all material evidence, with all proper inferences to be drawn therefrom, shall be considered by the court in a manner most favorable to the party against whom the motion is made. When such a question comes here on appeal, it is obvious that we cannot determine whether the ruling of the trial court was correct, or whether a verdict should have been directed, unless we also have before us all the material evidence. That does not mean that every bit of evidence on formal or uncontested matters must be printed by the appellants in their appendix, but it does mean that the appellants cannot select for printing only the items of evidence most favorable to their contention, omitting the remainder of the material evidence.

When we did away with the necessity of printing the entire record on appeal, we gave ample warning to the Bar in the first case in which the question arose that we would not feel ourselves bound to examine the transcript of record to search for additional matters which had not been printed in the appendix. *Strohecker v. Schumacher & Seiler,* 185 Md. 144, 43 A. 2d 208. We followed that warning by deciding a later case on the opinion of the lower court, and the decree. *Condry v. Laurie,* 186 Md. 194, 46 A. 2d 196. In another case,

appellant printed the testimony in narrative form in the appendix to his brief. The appellee objected to this, and we held that we could not consider the testimony in the narrative form. We declined to reverse the action of the lower court which had directed a verdict for the defendant, or its rulings on evidence, because there was not sufficient printed testimony to enable us to pass upon the questions raised. *Butler v. Reed-Avery Co.*, 186 Md. 686, 48 A. 2d 436. In *Foley v. Hoffman*, 188 Md. 273, 288, 52 A. 2d 476, 483, where one of the questions was the proper disposition of defendant's motions for a directed verdict and for a judgment N. O. V., we declined to pass upon the point because the appendices to the briefs did not contain enough of the evidence for a determination of its legal sufficiency. In that case we said: "* * * it is * * * expected and must be assumed that the appendices contain, in substance, all that is needed for decision of the case." The same statement was repeated and amplified in *Naughton v. Paul Jones & Co.*, 190 Md. 599, 59 A. 2d 496. In *Grimm v. Virts*, 189 Md. 297, 55 A. 2d 716, because of the failure to print material testimony, we considered only the uncontroverted facts set out in the briefs and the opinion of the chancellor, and decided the case as presented by these facts. We dismissed an appeal because no appendix was printed by the appellant in *Platt v. Wilson*, 191 Md. 371, 62 A. 2d 191, and, in the absence of printed testimony, we confined ourselves to the facts stated in the opinion of the chancellor in *Queen v. Anderson*, 191 Md. 522, 62 A. 2d 612. We adopted the same procedure in *Bishop v. Richard* 193 Md. 6, 65 A. 2d 334, and we again dismissed an appeal because of failure of the appellants to file an appendix in *Musser v. Citizens Bank of Takoma Park*, 195 Md. 100, 72 A. 2d 762.

These cases should have given ample warning to appellants in the case before us of the necessity of printing all the testimony material to the issue of the total dependency of the appellee. Notwithstanding this, however, they printed only eleven questions addressed to the

586

appellee, and his answers thereto, leaving out all other testimony in the case. They attempt to justify their action by a reference to our Rule 39, which states that the appellant's appendix "shall contain such parts of the record as he desires the Court to read". It should be obvious that where the court must consider all the material evidence in order to decide whether a directed verdict should have been granted, this rule does not allow appellants to pick out of the testimony only those portions which they consider favorable to themselves, and leave out all of the remainder. They must print in the appendix all that the court has to have before it if they expect the court to decide that question.

The appellee might have printed in his appendix the remainder of the testimony, thereby supplying the deficiencies in appellants' appendix, and permitting a decision of the question raised. He was, however, under no obligation to supplement appellants' record in this way, and he did not do so. On the contrary, he filed a motion to dismiss, and his motion will be granted.

*Appeal dismissed with costs.*