## LANE MANOR CORPORATION *v.* BYERS

[No. 104, October Term, 1951.]

*Decided March 7, 1952.*

The cause was argued before MARBURY, C. J., and DELAPLAINE, COLLINS, HENDERSON and MARKELL, JJ.

*T. Hammond Welsh, Jr.,* with whom were *Welsh & Dyer,* and *Paul L. Herring,* on the brief, for appellant.

*Paul D. Taggart* for appellee.

COLLINS, J., delivered the opinion of the Court.

This is an appeal from a decree ordering specific performance of an alleged agreement for the sale of real estate.

The material allegations of the bill filed against the appellant and Pomponio Realty, Inc., are "That on the 8th day of May 1950, the Pomponio Realty Corporation agreed in writing to sell to the complainant 'A house

to be built on Lot No. 13 Q Section 2, University Gardens, Lane Manor, Prince Georges County, Maryland for the sum of twelve thousand five hundred dollars ($12,-500.00), and your complainant files and attaches hereto said agreement marked Complainant's Exhibit "A".' Before the execution of said agreement the sum of five hundred dollars ($500.00) was paid to the Pomponio Realty Incorporated by the plaintiff and he is ready, able, and willing to carry out the other provisions of said contract and has on several occasions requested the defendant Pomponio Realty Corporation to carry out the said provisions of said agreement but they have refused to do so and state that Lane Manor Corporation is the owner of the said house and lot. They also state that Lane Manor Corporation refuses to carry out the provisions of said agreement unless the plaintiff agrees to sign another contract that provides for a much larger consideration. The plaintiff further alleges that the Pomponio Realty Corporation was on May the 8th, 1950 and is now the legally authorized agent of the Lane Manor Corporation. That the record title to the tract of land which includes Lot No. 13 Q Section 2, Lane Manor, Prince Georges County, Maryland was conveyed to the Lane Manor Corporation by Arthur Pomponio, William Bornstein and Victor Mariani by deed recorded on the 22nd day of March, 1950, in Book 1209 at Page 248. The plaintiff also alleges that the defendants are able to perform the agreement entered into with him and that the defendant Pomponio Realty Corporation still has the original consideration of five hundred dollars and the refusal of the defendants to complete their part of the agreement has seriously injured and damaged him and his family as they are not able to obtain proper and adequate housing. The plaintiff is veteran of World War II, and entitled to all priorities and benefits granted to veterans by the G.I. Bill of Rights and all related acts of Congress and regulations passed in the administration of said acts."

Complainant's Exhibit "A" follows:
"POMPONIO REALTY, INC.
2228 WILSON BLVD.
Arlington, Va.

May 8, 1950

Received from: Allen C. Byers a deposit of $500.00, to be applied as a Deposit on Lot No. 13 Q. Section 2, University Gardens, (Lane Manor), Prince Georges County, Maryland. A house to be built on said Lot according to plans and specifications as shown, and to be approved by F.H.A. and V.A.

Sales Price: $12,500, including basement on corner lot, with no cash down payment to Veteran, and above deposit to be applied on settlement charges.

Purchasers agree to execute Contract of Purchase at a later date.

Subject to changing duct work and electrical requirements. Option to be given until 8 P.M. Friday, May 12, 1950.

Accepted by:
ALLEN C. BYERS

POMPONIO REALTY, INC.
By: ANTHONY G. DENICE
Agent."

The plaintiff, appellee, prayed for specific performance of this alleged contract of May 8, 1950, and in lieu of specific performance, monetary damages, and general relief. A general demurrer was filed to the declaration stating that plaintiff "has not stated in his bill of complaint such a case as entitled him to any relief in equity against these defendants, or either of them." The demurrer was overruled. A joint and several answer was then filed in which, among other things, defendants stated "that although representatives of these defendants discussed duct work and electrical requirements with the plaintiff, no meeting of the minds was ever had between the plaintiff and the defendants, and consequently no

contract of purchase was ever executed between the plaintiff and these defendants" and further that the defendants" have advised the plaintiff herein that his deposit would be returned to him at any time, but the plaintiff has made no request therefor. These defendants, however, are ready and prepared to offer herewith to pay unto the registry of this Court the sum of Five Hundred Dollars ($500.00) to be disbursed according to the order of this Court, or alternatively to pay the aforesaid sum of Five Hundred Dollars ($500.00) to the plaintiff." Appellant admitted the agency of Pomponio Realty Corporation but denied that it has entered into any agreement which calls for any performance by it.

After testimony was taken before one of the standing examiners, the return of the testimony, and the hearing of counsel by the chancellor, a decree was passed ordering specific performance of the contract of May 8, 1950, *supra*, by appellant, Lane Manor Corporation. From that decree, appellant appeals. There was no order passed against Pomponio Realty, and no cross appeal. This is therefore not a case in which the chancellor had the opportunity of seeing the witnesses.

Appellee has filed a motion to dismiss the appeal in this case for failure of the appellant to comply with Rule 39 of this Court. *Strohecker v. Schumacher,* 185 Md. 144, 43 A. 2d 208; *Sunshine Laundry Corp. v. White,* 197 Md. 582, 80 A. 2d 1. As pointed out by Chief Judge Marbury in the case of *Strohecker v. Schumacher, supra,* when Rule 36 of this Court was passed, doing away with the necessity of printing the record on appeal, it was done with the intention of decreasing the cost of appellate litigation. That rule, in addition to other things, requires that in the appendix of appellant's brief should be printed such part of the record as appellant desires the Court to read. There must be sufficient parts of the testimony printed to enable us to pass upon the question raised. In the case of *Sunshine Laundry Corporation v. White, supra,* cases involving Rule 39 were reviewed

and this Court there reiterated that the appellant must print the testimony material to the issue or issues raised. The brief of the appellee contains no appendix. Under Rule 39, Section 3 (e) the appellee's brief shall contain "An appendix containing such parts of the record as he desires the Court to read, and as have not been printed in the brief of appellant." The brief of the appellee here is confined entirely to the motion to dismiss the appeal.

This case is one where the credibility of witnesses is involved, where questions of estoppel are raised, and where there is contention that by silence and by acceptance and retention of the cash deposit, and of a subsequent contract signed by the appellees, the appellant has become bound and has lost a right to claim the Statute of Frauds as a defense. To decide any or all of these questions, we would have to have all the pertinent evidence before us, and the appellant has not given it to us. Under the circumstances, we do not think we can pass upon this case. We take no position on any of the points raised or suggested, but simply hold that there has not been a sufficient compliance with the Rules to enable us to pass upon the questions involved. The appeal, therefore, will be dismissed.

*Appeal dismissed with costs.*