## GMUREK *v.* KAJDER
[No. 54, October Term, 1953.]

*Decided December 10, 1953.*

The cause was argued before SOBELOFF, C. J., and DELAPLAINE, COLLINS, HENDERSON and HAMMOND, JJ.

*William L. K. Barrett*, with whom was *Anthony J. Nolan* on the brief, for the appellant.

*W. Lee Harrison*, with whom was *Michael Paul Smith* on the brief, for the appellee.

SOBELOFF, C. J., delivered the opinion of the Court.

A plumber here appeals from a judgment against him for personal injuries sustained by the appellee when a hot water faucet, installed by appellant in a basement bathroom in appellee's home, fell out of the installation on the occasion of its first use. Hot water poured forth, severely scalding appellee, and she suffered further injuries in escaping from the tub. Appellant contends that appellee failed to meet her burden of showing negligence on the part of the appellant and that the trial court should not have submitted the case to the jury.

The initial suit for injuries was countered by the plumber's cross-suit for an unpaid balance of the agreed contract price for the installation of the bathroom fixtures, but on this appeal we are concerned only with the personal injury suit.

We consider first the appellee's "Motion to Dismiss the Appeal" for failure to observe Rule 39 of the Rules of the Court of Appeals. This rule makes it the appellant's duty to include with his brief an appendix containing such parts of the record as he desires the Court to read. The rule also imposes on the appellant the obligation to furnish the appellee within ten days after the filing of the transcript of the record in this Court, with a statement of the parts of the record he proposes to print with his brief.

What parts of the record should be printed in the appendix depends in each instance on the nature of the case and on the questions to be argued on the appeal. Where the disputed question is, for example, the suffi-

ciency of the pleadings the appellant may well omit a mass of testimony which would throw no light on the problem. This very case aptly illustrates how large parts of the transcript may and should properly be excluded from the appendix. Here much testimony pertained to the contract and alleged non-performance in respect to matters not touching the asserted negligence which resulted in the injuries complained of. This mass of material the appellant was quite correct in not reproducing in the appendix.

The sole basis of the present appeal is the claim that the Court erred in refusing to grant a prayer for a directed verdict on behalf of the appellant. His prayer is grounded on the assertion that there was no legally sufficient evidence of negligence. In such a case it became the appellant's duty to print in the appendix all testimony bearing on the alleged negligence, so that the Court could form a sound judgment as to whether or not an issue existed for submission to the jury. If less than this was supplied the rule has been violated.

Rule 36, in requiring an appellant to print as part of the appendix to his brief only the judgment, decree, or order appealed from, and any opinion or charge of the court below, has the beneficial purpose of reducing costs. Rule 39, Sec. 1 (e), however, requires that the appendix to the appellant's brief shall contain "such parts of the record as he desires the Court to read". The rule has been interpreted to mean that the appendix should contain all the material evidence which it is necessary for the Court to consider in deciding whether a directed verdict should have been granted. All the necessary material is not presented when the appellant reproduces in the appendix only the testimony which supports his contentions, ignoring what militates against him, for the Court cannot ignore the opponent's testimony in judging the legal sufficiency of the evidence. *Strohecker v. Schumacher & Seiler,* 185 Md. 144, 43 A. 2d 208; *Butler v. Reed-Avery Co.,* 186 Md. 686, 48 A. 2d 436; *Naughton v. Paul Jones & Co.,* 190 Md. 599, 59 A. 2d

496; *Platt v. Wilson,* 191 Md. 371, 62 A. 2d 191; *Sunshine Laundry Corporation v. White,* 197 Md. 582, 80 A. 2d 1; *Seybolt v. Baber,* 203 Md. 20, 97 A. 2d 907; *Schwartzman v. Payne,* 203 Md. 256, 100 A. 2d 23.

The appellee is not required to perform his duty if the appellant neglects it, but the appellee may move to dismiss. See *Sunshine Laundry Corporation v. White, supra,* 197 Md. at 586, 80 A. 2d at 3.

To decide the Motion to Dismiss we turn to the transcript to the extent at least of discovering if the appellant has in fact failed to supply all the evidence pertinent and material to the issue of negligence. There we find testimony that the appellant, who came to inspect the job after the appellee had been injured, stated that "it must have been the carelessness of the workers." This admission alone might well be sufficient to raise an issue of negligence for submission to the jury. *Tyson v. Shueey,* 5 Md. 540, 550; *Lambros v. Coolahan,* 185 Md. 463, 468, 45 A. 2d 96, 98; *State, use of Mitchell v. Jones,* 186 Md. 270, 276, 46 A. 2d 623, 625; *Terry v. O'Neal,* 194 Md. 680, 72 A. 2d 26. This testimony, and the further circumstance that the appellant found other spigots installed by his employees only "hand-tight", should not have been disregarded by appellant in preparing the appendix to his brief. There are other circumstances in the record which might be entitled to consideration on the question of negligence, in the light of our common experience that a properly installed faucet does not ordinarily, on its first use, fall off the pipes to which it was attached but two days before. All testimony which bears on the possible inference of negligence from the circumstances should have been embodied in the appendix. We need not decide whether this is actually a case raising such an inference of negligence. In *Walker v. Vail,* 203 Md. 321, we held the inference inadmissible because the faulty equipment had not been within the defendant's control for twenty-five days. Whether *Walker v. Vail* would rule this case, or be distinguished from it on the facts, we do not

decide upon the limited revelations of an incomplete appendix. We have no hesitancy, however, in declaring that all circumstances fairly bearing on the question should have been laid before the Court in the appendix to the appellant's brief, and this was not done. We do not think it necessary or desirable to search through the typewritten transcript to supply a more comprehensive list of material omissions from the appendix to appellant's brief. See *Strohecker v. Schumacher & Seiler, Inc., supra,* 185 Md. at 146, 43 A. 2d at 209.

Because of the clear breach of Rule 39, in respect to the appendix to the appellant's brief, the Motion to Dismiss must be granted. We need not further consider the effect of the delay in furnishing the appellee with a statement of the parts of the record which the appellant proposed to print. Rule 39, Sec. 2.

*Appeal dismissed with costs.*