## McBURNIE *v.* McBURNIE

[No. 240, October Term, 1956.]

*Decided June 27, 1957.*

Before Brune, C. J., and Collins, Henderson, Hammond and Prescott, JJ.

Submitted on brief by *William T. McBurnie, pro se,* for the appellant.

No brief and no appearance for the appellee.

Collins, J., delivered the opinion of the Court.

This is an appeal by William T. McBurnie, respondent, appellant, from a decree granting a divorce *a mensa et thoro* to his wife, Dorothy M. McBurnie, complainant, appellee.

On April 3, 1956, the complainant filed a bill against her husband alleging that he deserted her without just cause on or about June 21, 1955, that said desertion and abandonment had continued uninterruptedly from that date, and that there was no reasonable hope of reconciliation. She asked that she be divorced *a mensa et thoro* from the respondent; that she be awarded care and custody of the minor child of the parties, Deborah Ruth McBurnie, age 6; and for other and further relief.

After answer filed by the respondent through his solicitor, testimony was taken before the examiner. The chancellor on January 9, 1957, by decree granted the divorce prayed; awarded the custody and guardianship of the infant to the complainant with right of visitation in the respondent at reasonable times at the home of the complainant; and $60.00 per month for the support and maintenance of the minor child. From that decree the respondent appeals.

No printed record extract was filed in this Court.

In his brief the respondent attacks his solicitor. Respondent claims that he elected to rest his case solely upon the complainant's testimony and that his solicitor took exception to this manner of challenging the suit. However, the solicitor apparently followed the request of his client and no testimony was offered by the respondent. The other matters in his brief consist of the denial of the allegations of the bill and a claim that the testimony offered by the complainant was not

sufficient to support the decree. However, there is no recitation in the brief of the testimony in the case.

Prior to April 1, 1955, Rule 39, Section 1 (e), Rules of the Court of Appeals, provided in part that the brief of the appellant should contain: "An appendix which, in addition to what is required by Rule 36, shall contain such parts of the record as he desires the Court to read."

In *Sunshine Laundry Corp. v. White,* 197 Md. 582, 584, 80 A. 2d 1, decided April 18, 1951, Chief Judge Marbury said:

> "When we did away with the necessity of printing the entire record on appeal, we gave ample warning to the Bar in the first case in which the question arose that we would not feel ourselves bound to examine the transcript of record to search for additional matters which had not been printed in the appendix. *Strohecker v. Schumacher & Seiler,* 185 Md. 144, 43 A. 2d 208. We followed that warning by deciding a later case on the opinion of the lower court, and the decree. *Condry v. Laurie,* 186 Md. 194, 46 A. 2d 196. In another case, appellant printed the testimony in narrative form in the appendix to his brief. The appellee objected to this, and we held that we could not consider the testimony in the narrative form. We declined to reverse the action of the lower court which had directed a verdict for the defendant, or its rulings on evidence, because there was not sufficient printed testimony to enable us to pass upon the questions raised. *Butler v. Reed-Avery Co.,* 186 Md. 686, 48 A. 2d 436. In *Foley v. Hoffman,* 188 Md. 273, 288, 52 A. 2d 476, 483, where one of the questions was the proper disposition of defendant's motions for a directed verdict and for a judgment N. O. V., we declined to pass upon the point because the appendices to the briefs did not contain enough of the evidence for a determination of its legal sufficiency. In that case we said: '* * * it is * * * expected and must be assumed that the appendices contain, in substance, all that is needed for

decision of the case.' The same statement was re-
peated and amplified in *Naughton v. Paul Jones &
Co.,* 190 Md. 599, 59 A. 2d 496. In *Grimm v. Virts,*
189 Md. 297, 55 A. 2d 716, because of the failure
to print material testimony, we considered only the
uncontroverted facts set out in the briefs and the
opinion of the chancellor, and decided the case as
presented by these facts. We dismissed an appeal
because no appendix was printed by the appellant in
*Platt v. Wilson,* 191 Md. 371, 62 A. 2d 191, and, in
the absence of printed testimony, we confined our-
selves to the facts stated in the opinion of the chan-
cellor in *Queen v. Anderson,* 191 Md. 522, 62 A. 2d
612. We adopted the same procedure in *Bishop v.
Richard,* 193 Md. 6, 65 A. 2d 334, and we again dis-
missed an appeal because of failure of the appellants
to file an appendix in *Musser v. Citizens Bank of
Takoma Park,* 195 Md. 100, 72 A. 2d 762."

In that case the printed record extract contained only eleven
questions and answers and, these, not being sufficient for the
Court to decide the case, the appeal was dismissed. See also
*Lane Manor Corp. v. Byers,* 199 Md. 406, 86 A. 2d 731;
*Hull v. Hull,* 201 Md. 225, 234, 93 A. 2d 536; *Schwartzman
v. Payne,* 203 Md. 256, 264, 100 A. 2d 23; *Gmurek v. Kajder,*
203 Md. 437, 101 A. 2d 204.

By Rule 37A, Rules of the Court of Appeals, effective prior
to January 1, 1957, it was provided in part by Section 2:

"(a) The printed record extract shall contain such
parts of the record as may reasonably be necessary
for the determination of the questions presented by
the appeal, and shall include:

"(1) The judgment, decree or order appealed from,
together with any opinion or charge of the Court.

"(2) So much of the evidence, pleadings or other
parts of the record as is material to any question
the determination of which depends upon the suffi-
ciency of the evidence, pleadings or other matter con-
tained in the record to sustain any action, ruling,
order, judgment or decree of the lower court."

Section 9 provided:

> "For violation of Section 2 of this Rule the Court may require that additional portions of the record be printed or otherwise furnished, or it may dismiss the appeal or make any other appropriate order with respect to the case. Inadvertent omissions or misstatements in the printed record extract or in any appendix may be corrected by direction of this Court on application or of its own motion."

The appeal to this Court was taken on January 28, 1957. Rule 828, effective January 1, 1957, contained almost verbatim the same matters as contained in Rule 37A, *supra*, above quoted.

There being no agreed statement of facts and printed extract, there is, of course, no testimony, no judgment, no opinion and no pleadings for our consideration. There is nothing to indicate that any useful purpose will be served by having the testimony printed.

The appeal must be dismissed.

*Appeal dismissed, costs to be paid by the appellant.*