CIPRIANO *v.* GREENBELT CONSUMERS
SERVICES, INC., ET AL.

[No. 46, September Term, 1961.]

578

*Decided November 7, 1961.*

The case was argued before HENDERSON, HAMMOND, HORNEY, MARBURY and SYBERT, JJ.

*Joseph S. Cullins, Jr.,* with whom was *Jack D. Guertin* on the brief, for the appellant.

*Lansdale G. Sasscer, Jr.,* with whom were *Sasscer, Clagett* and *Powers* on the brief, for the appellees.

PER CURIAM.

The appeal is by an injured employee from a judgment *n. o. v.* for the employer and insurer, following the jury's answer that the disability of the employee was the result of an accidental injury arising out of and in the course of employment. The trial judge concluded that the employee had given such contradictory versions of the occurrence resulting in the injury that the jury could only have speculated on what had happened and the claimant, therefore, had not met her burden of proof.

The employee testified below that her work was to wrap meat and place it in the display cases of a food store. She said she had placed about ten roasts of beef on a tray and had carried it to a case, when the tray tilted and consequently hurt her wrist. When asked whether she had "done this before," she answered:

"I hadn't put that many roasts on it before. We were busy and I piled it high, extra high that day."

On cross-examination the employer and insurer brought into the case certain statements the employee had given to the insurer's investigator, to doctors and to the Workmen's Compensation Commission. The statements are somewhat equivocal and not necessarily at square variance with the employee's testimony from the stand, but they can be read as saying that her wrist was hurt when the tray was first grasped (rather than when it was being put in the display case), and that she had placed on the tray only the number of roasts she usually did (five, rather than ten).

If the testimony of a party or a witness at the trial is of itself so contradictory that it has no probative force, a jury cannot be invited to speculate about it and to select one or another contradictory statement as the basis of a verdict, *Olney v. Carmichel,* 202 Md. 226, 231-2, and cases cited, but "[I]f the testimony of one witness at the trial is legally sufficient, it matters not that this testimony may be contradicted by ten witnesses for defendant, *or even that it may be in conflict with statements before the trial, or testimony in a previous trial or other legal proceeding, of the same witness."* *Bond v. Forthuber,* 198 Md. 476, 483, per Markell, J., for the Court (emphasis supplied). The rule of the italicized words has been applied from time to time in compensation cases. *Dayton v. Davis,* 218 Md. 614, 618; *Naughton v. Paul Jones & Co.,* 190 Md. 599, 603; *Porter v. Greenbrier Quarry Co.,* 161 Md. 34, 37-9 (all of which held that the alleged inconsistency between prior statements or testimony before the Commission and testimony in the trial court was for the trier of fact to resolve).

In the case before us the testimony of the employee at the trial as to her haste caused by the busyness of the store, the overloading of the tray and its tilting was sufficient, if believed by the jury, as it was, to permit a conclusion that her injury was caused by an unusual happening or condition in the employment and was therefore compensable. *Adams v. Board of Trustees,* 215 Md. 188, 196, and compensation cases cited; *Baltimore & Ohio R. R. Co. v. Zapf,* 192 Md. 403.

580

*Cf. Eastern Shore Co. v. Young,* 218 Md. 338, 343; *Rieger v. Wash. Sub. San. Comm.,* 211 Md. 214; *Stancliffe v. H. B. Davis Co.,* 208 Md. 191; *Kelly-Springfield Co. v. Daniels,* 199 Md. 156.

> *Judgment reversed, answer of the jury to the issue of accidental injury reinstated and case remanded for further proceeding, appellees to pay the costs.*