## SILVERMAN, et ux. *v.* RUDDLE

[No. 230, September Term, 1963.]

*Decided April 9, 1964.*

*Motion for rehearing filed April 17, 1964, denied May 6, 1964.*

The cause was argued before HAMMOND, PRESCOTT, HORNEY, MARBURY and SYBERT, JJ.

354

Submitted on the brief by *Stanley R. Jacobs* for appellants.

*John D. Bowman* for appellee.

PER CURIAM.

William and Bernice Silverman appeal from a judgment of the Circuit Court for Montgomery County entered pursuant to a jury finding in favor of the appellee, Arlie Ruddle, in his suit alleging an oral compromise of certain disputed accounts between the parties. The appellants filed a "plea" in answer to the appellee's declaration in which they alleged (1) that the action was barred by the statute of limitations; (2) that the declaration failed to state a cause of action; and also (3) denied indebtedness (a general issue plea).

There is nothing in the record before us concerning the disposition of the first two allegations. However, the case apparently went to trial on the general issue plea. A verdict was returned by the jury for Ruddle for the sum of $1400.

In this Court the appellants raised five different questions, but all of them are directed to the refusal of the trial court to grant their alleged motions for a directed verdict or for a judgment n.o.v. We did not have the benefit of oral argument by counsel for the appellants and there was very little argument from counsel for the appellee.

The record extract does not comply with Maryland Rule 828 a and b. It contains no copy of the judgment appealed from, the motions for a directed verdict allegedly made, the charge to the jury (there apparently were no exceptions thereto), and no testimony upon which we could pass upon the sufficiency of the evidence as requested. We have stated that this Court will not undertake to pass upon testimony contained in the transcript but not printed in the appendix to the brief so as to be available to each member of the Court. *McBurnie v. McBurnie,* 214 Md. 210, 134 A. 2d 78. Accordingly, pursuant to subsection i of Rule 828 the appeal is dismissed by this Court *sua sponte,* for failure to comply with subsections a and b of that rule.

*Appeal dismissed. Costs to be paid by the appellants.*