## PRIME CONTRACTORS, INCORPORATED *v.* M. & C. C. OF BALTIMORE

[No. 50, September Term, 1965.]

56

*Decided December 22, 1965.*

The cause was argued before PRESCOTT, C. J., and HORNEY, MARBURY, BARNES and McWILLIAMS, JJ.

*Jerry S. Sopher* for appellant.

*Simon Schonfield, Assistant City Solicitor,* with whom were *Joseph Allen, City Solicitor,* and *Ambrose T. Hartman, Deputy City Solicitor,* on the brief, for appellee.

MARBURY, J., delivered the opinion of the Court.

The appellant, Prime Contractors, Inc., has appealed from an order of the Baltimore City Court affirming the decision of the Board of Municipal and Zoning Appeals of Baltimore City (Board) partially denying an application of the appellant for a special exception under the provisions of Ordinance No. 711, approved May 21, 1953, known as the Zoning Ordinance. The contention is made that the trial court (Cullen, J.) committed reversible error in not finding the decision of the Board to be arbitrary, capricious, illegal and discriminatory, as not based on substantial evidence, in denying a special exception to the appellant, pursuant to Section 32 of the Ordinance.

On October 23, 1963, the appellant, as contract purchaser of premises No. 6017 Park Heights Avenue, Baltimore, filed its application with the Building Inspection Engineer of Baltimore City for authority to construct on the premises a nine story, fifty-one family apartment building, with forty-one underground and twenty-eight surface parking units. The lot involved is situated at the intersection of the northeast side of Park Heights Avenue and the southeast side of Taney Road, in a Residential Use District, 1½ times Height District, E Area District. The

property was improved by a one and one-half story, two-family dwelling, thirty-seven feet by forty-seven feet; and on the rear of the lot was a one-story, frame building, eight feet by twelve feet. Both buildings were to be razed. This application was denied by the Engineer because it violated Sections 24 and 25 of the Ordinance, and an appeal was taken by the appellant to the Board. Under the provisions of these sections a lot area of 137,486.25 square feet is required for housing fifty-one families. The lot involved contained approximately 27,800 square feet, which is sufficient for the housing of ten families. Under the provisions of Section 32 of the Ordinance, entitled "Special Area Exceptions," the Board may permit the construction of an apartment house with the maximum of eighty families per acre, or fifty-one families in this instance.

On December 5, 1963, the Board, after an inspection of the premises and a hearing in the case, denied the application for fifty-one units and granted the applicant permission for the construction of thirty units, thirty-eight underground parking spaces, ten surface spaces and no parking on Park Heights Avenue.

Pursuant to Maryland Rules 835 b (5) and 836 d, the appellee moved to dismiss this appeal since the appellant's appendix does not comply with Rules 828 a and b. We first heard argument on the motion but reserved our decision until after argument on the merits. We conclude that the motion must be granted. The appellant's appendix consists merely of the resolution of the Board of Municipal and Zoning Appeals and the opinion of Judge Cullen, and does not include any of the testimony of the witnesses presented to the Board or the exhibits and plats that were in evidence before the Board. This Court has repeatedly dismissed appeals where an appellant's record extract or appendix was patently insufficient for a determination of the questions raised. *Jacobs Instr. Co. v. Comptroller,* 216 Md. 290, 140 A. 2d 285; *Newark Trust Co. v. Trimble,* 215 Md. 502, 506, 138 A. 2d 919; *McBurnie v. McBurnie,* 214 Md. 210, 214, 134 A. 2d 78; *Gmurek v. Kajder,* 203 Md. 437, 440, 101 A. 2d 204; *Lane Manor Corporation v. Byers,* 199 Md. 406, 409, 86 A. 2d 731; *Sunshine Laundry Corp. v. White,* 197 Md. 582, 586, 80 A. 2d 1.

In *Platt v. Wilson,* 191 Md. 371, 62 A. 2d 191, we held that we will not undertake to pass upon testimony contained in the transcript but not printed in the appendix to the brief. Rule 828 a states: "The appellant shall cause to be printed * * * as an appendix to his brief, extracts from the record * * *." Rule 828 b 1 (b) provides that the printed extract shall contain:

> "So much of the evidence, pleadings or other parts of the record as is material to any question the determination of which depends upon the sufficiency of the evidence, pleadings or other matter contained in the record to sustain any action, ruling, order or judgment of the lower court."

These omissions are material to the consideration of this case and to the appellant's contention that there was no substantial evidence to support the Board's decision.

Even had the appellant complied with the Rules of this Court, and it be assumed that the omitted testimony would support the conclusions and inferences set out in the Board's resolution, it would appear that the appellant would not prevail on the merits. Under Section 32 of the Ordinance the Board was given discretionary authority in such matters, and its exercise of such authority was at least fairly debatable and should not be overturned by the courts.

*Appeal dismissed, costs to be paid by appellant.*