## WHITE *v.* YELLOW CAB COMPANY ET AL.

[No. 145, September Term, 1957.]

*Decided April 15, 1957.*

The cause was argued before BRUNE, C. J., and HENDERSON, HAMMOND, PRESCOTT and HORNEY, JJ.

*Hyman B. Rubenstein,* with whom were *Milton R. Rothstein* and *Irwin A. Friedenberg* on the brief, for appellant.

*James J. Doyle, Jr.,* with whom were *Sherbow & Sherbow* and *Theodore Sherbow* on the brief, for appellees.

BRUNE, C. J., delivered the opinion of the Court.

This is another boulevard intersection collision case. The plaintiff-appellant, White, was a passenger in a cab owned by one of the defendants-appellees, Yellow Cab Company (the "Cab Company"), and driven by the other, its employee, Green. The cab was traveling north on Carey Street, which is a through highway in Baltimore. The other car involved in the collision, driven by one McMillan, was proceeding west on Mosher Street. The point of impact was in the intersection—about twelve feet west of the east curb line of Carey Street and about sixteen feet south of the north curb line of

Mosher Street. White sued the Cab Company and Green; they impleaded McMillan and a man named Campbell, who owned the car driven by McMillan, as third party defendants. The plaintiff did not amend his declaration so as to join these third parties as defendants. The case was submitted to the jury on four issues: (1) the negligence of Green and the Cab Company; (2) the negligence of McMillan; (3) the contributory negligence of White, the plaintiff; and (4) damages. The jury found Green, the Cab Company and McMillan to have been negligent, found White free from negligence and assessed his damages at $6500. Judgments were entered on these findings for $6500 in favor of White against the Cab Company and Green and in favor of these defendants against the third party defendants for $3250. The Cab Company and Green, within the appropriate time, filed a motion for judgment *n.o.v.,* which was granted; and final judgment was thereupon entered in their favor and against White for costs. White appeals. (The judgment in favor of the original defendants against the third party defendants was also stricken out. No claim of White's against them is presented on this appeal.)

White rests his appeal upon the alleged inattention of Green to the operation of the cab. White claims that just before the accident Green turned his head to reply to a statement by White with regard to Green's driving and that in consequence of Green's turning his head he failed to observe the McMillan car and so failed to avoid the collision, and that this constituted evidence of negligence on Green's part which was sufficient to take the case to the jury. It may be noted that although White's alleged statement to Green was that Green was speeding, White does not base his argument in this Court upon any claim of excessive speed.

In considering this case we proceed in accordance with the general rule, which has been repeatedly stated, that in reviewing cases where the question is whether or not a defendant's motion for a directed verdict or for a judgment *n.o.v.* should have been granted, this Court must resolve all conflicts in testimony in favor of the plaintiff and must assume the truth of all the evidence and of such inferences as may naturally

and legitimately be deduced therefrom which tend to support the plaintiff's right to recover.

The present case presents no novel question of law and little, if anything, of novelty in its facts.

The appellant relies chiefly upon *Sun Cab Co. v. Hall,* 199 Md. 461, 86 A. 2d 914. There, as here, there was a boulevard intersection collision and the plaintiff was a passenger in a cab traveling on the favored highway. There was testimony that the driver turned his head to speak to a passenger in the right rear seat of the cab. The other car entered the "boulevard" from the left of the driver of the cab. There was testimony by the plaintiff that she saw the other car enter the intersection slowly when the cab was about one-third of a block away, that she warned the driver of its approach, and that he then slammed on the brakes but was unable to avoid the collision. This Court affirmed a judgment in favor of the plaintiff. There are three differences in fact between the *Hall* case and the instant case: first, the plaintiff here did not see the other car until the collision occurred, and hence, second, no warning was given by the plaintiff; and third,—which is more important—if the cab driver in this case did turn his head to speak to the plaintiff, this would not have impaired his opportunity to see the other car, since the plaintiff was sitting in the front seat at the driver's right and the other car approached from the right side of the cab, that is, from the side towards which the driver would have turned to speak to the passenger beside him. We think that in view of this fact the mere turning of the driver's head to speak to the passenger would not give rise to an inference of negligence on the part of the driver which constituted a proximate cause of the collision.

On the contrary, we think, as did Judge Warnken in granting the motion for judgment *n.o.v.,* that this case is governed by the holdings applying the boulevard rule in *Belle Isle Cab Co. v. Pruitt,* 187 Md. 174, 49 A. 2d 537; *Baltimore Transit Co. v. O'Donovan,* 197 Md. 274, 78 A. 2d 647; *Sonnenburg v. Monumental Motor Tours, Inc.,* 198 Md. 227, 81 A. 2d 617; *Sun Cab Co. v. Cusick,* 209 Md. 354, 121 A. 2d 188; *and Shriner v. Mullhausen,* 210 Md. 104, 122 A. 2d 570,

290

■■■■■■■■■■■■■■■■■■■■■■■

■■■■■■■■■■■■■■■■■■■■■■

821. In both the *O'Donovan* and *Cusick* cases the boulevard rule was held applicable in a suit by a passenger in a vehicle operated by a common carrier in which the carrier was a defendant.

The *Cusick* case shows that any claim of excessive speed on the part of the cab, if pressed, would have been unavailing to the plaintiff.

It follows that the judgment should be affirmed.

*Judgment affirmed, with costs.*