ELDWICK HOMES ASSOCIATION, INC. *v.* HARVEY
L. PITT ET AL.

[No. 965, September Term, 1976.]

*Decided May 18, 1977.*

The cause was argued before GILBERT, C. J., and MORTON and MENCHINE, JJ.

*William J. Chen, Jr.,* with whom was *Arthur S. Drea, Jr.,* on the brief, for appellant.

*Harvey L. Pitt,* with whom was *Barry K. Thorpe* on the brief, for appellees. *Francis T. Lacey* for appellee Montgomery County.

GILBERT, C. J., delivered the opinion of the Court.

Pursuant to Md. Rule 1035 a 2 and b 7, we dismiss the appeal of Eldwick Homes Association, Inc. v. Harvey L. Pitt et al. We so do because the record extract required by Md. Rule 1028 fails to include one word of the testimony adduced at the hearing before the County Board of Appeals for Montgomery County at the appellant's hearing on the application for special exception to the Montgomery County zoning ordinance.

While the appendix of the appellant does contain a copy of the resolution of the County Board and a reproduction of the opinion of Judge Richard B. Latham in the Circuit Court for Montgomery County on appeal from the action of the County Board, the record abstract is absolutely devoid of the evidence, oral or physical, presented to the zoning board. While Judge Latham referred in his opinion to a number of incidents before the County Board and in some instances by page referred to the transcript, we are not required to ferret out from the record those materials which counsel should have printed in the abstract. Md. Rule 1028 (b) (1) provides:

"The printed extract shall contain such parts of the record as may reasonably be necessary for the determination of the questions presented by the appeal, and shall include:

(a) The judgment appealed from, together with the opinion or charge of the lower court, if any.

(b) So much of the evidence, pleadings or other parts of the record as is material to any question the determination of which depends upon the sufficiency of the evidence, pleadings or other matter contained in the record to sustain any action, ruling, order or judgment of the lower court.

(c) Such other parts of the record as may be designated by the parties pursuant to section c. of this Rule."

In a not dissimilar case, *Prime Contractors, Inc. v. Mayor of Baltimore*, 241 Md. 55, 215 A. 2d 214 (1965), the Court of Appeals dismissed an appeal where the appellant's appendix did not comply with Md. Rule 828, which is almost identical to Md. Rule 1028. In *Prime*, the Court said:

"The appellant's appendix consists merely of the resolution of the Board of Municipal and Zoning Appeals and the opinion of Judge Cullen, and does not include any of the testimony of the witnesses presented to the Board or the exhibits and plats that were in evidence before the Board. This Court

has repeatedly dismissed appeals where an appellant's record extract or appendix was patently insufficient for a determination of the questions raised." (Citations omitted.) 241 Md. at 57, 215 A. 2d at 216.

The Court further opined that it did ". . . not undertake to pass upon testimony contained in the transcript but not printed in the appendix to the brief." *Prime Contractors, Inc. v. Mayor of Baltimore, supra,* 241 Md. at 58, 215 A. 2d at 216; *Platt v. Wilson,* 191 Md. 371, 62 A. 2d 191 (1948).

We are unable to distinguish any difference between the *Prime* case and the case now before us. Inasmuch as Md. Rule 828 as interpreted by the Court of Appeals requires dismissal and under the circumstances that Md. Rule 1028 is substantially the same and differs only in that it is made applicable to this Court, we believe we are compelled to follow the lead of the Court of Appeals in *Prime* and *Platt* and dismiss the appeal.

*Appeal dismissed.*
*Costs to be paid by appellant.*