RICHARD BROWN ET UX. *v.* PRINCE GEORGE'S COUNTY, MARYLAND ET AL.

[No. 743, September Term, 1980.]

*Decided February 9, 1981.*

The cause was argued before THOMPSON and LOWE, JJ., and CHARLES E. ORTH, JR., Associate Judge of the Court of Appeals (retired), specially assigned.

*Louis Fireison,* with whom were *Fireison & Olshonsky, P.A.* on the brief, for appellants.

*Alan E. D'Appolito, Associate County Attorney for Prince George's County,* with whom were *Robert B. Ostrom, County Attorney for Prince George's County,* and *Michael Connaughton, Deputy County Attorney for Prince George's County,* on the brief, for appellees.

LOWE, J., delivered the opinion of the Court.

The briefs in this appeal tell us that the appellants sued Prince George's County, its Acting Chief of Police, and two of its police officers for assault. The two officers filed a countersuit; the County and Chief of Police demurred. Appellants also demurred to the counter-claim.

Although we are told that

> ". . . the Court verbally granted the Demurrer of defendant Prince George's County and denied plaintiffs' demurrer to the counter-claim,"

appellants supplied no extract of the record and included in its appendix only the counter-claim of the two officers and a Memorandum of the Court dated May 12, 1980, denying a motion to reconsider and certifying "that there is no just reason to delay appeal of the matters decided at the hearing on this matter held March 27, 1980. See Rule 605 (a)."

If that is all that was done by the court, it is questionable whether there is a final judgment from which to appeal in either of the two issues raised by appellants. It is certainly clear that the overruling of appellants' demurrer to the counter-claim is not a final judgment from which an appeal may be taken. *Inter-City Co. v. Balto. County,* 218 Md. 80, 84-85 (1958); *Montgomery County, Etc. v. Donnally,* 195 Md. 442, 449 (1950); *See, also,* Md. Rule 345 (d). There is no authority by rule or otherwise for a trial judge to make such a ruling a final, appealable judgment. That alone is reason to dismiss appellants' second issue asserting error by the court in overruling their demurrer.

We note further, however, that the rule upon which appellants rely for this appeal in its entirety has not been complied with, as seemingly required by its precise language.

> "Where more than one claim for relief is presented in an action, whether as an original claim, counterclaim, cross-claim, or third-party claim, *the court may direct the entry of a final judgment* upon one or more but less than all of the claims only *upon an express determination that there is no just reason for delay and upon an express direction for the entry of judgment.* In the absence of such determination and direction, any order or other form of decision, however designated, which adjudicates less than all the claims shall not terminate the action as to any of the claims, and the order or other form of decision is subject to revision at any time before the entry of judgment adjudicating all the claims." Md. Rule 605 (a).

In this case it appears from the docket entry that the *clerk* entered final judgment on behalf of Prince George's County and Chief Vasco on April 2, 1980, which was over a month *before* the court certified on May 12, 1980 that there was "no just reason to delay appeal" in its memorandum denying reconsideration. There is notably absent, however, "an express direction for the entry of judgment" as to Prince George's County and the Chief of Police under the authority provided the court by the rule. The perfunctory entry of final judgment, pursuant to Md. Rule 345 (e), does not amount to an "express direction" by the trial court as required by Md. Rule 605 (a). *Parish v. Milk Producers Ass'n,* 250 Md. 24, 96-98 (1969), *aff'd,* 261 Md. 618, *cert. denied,* 404 U.S. 940 (1971). If such "express direction" is elsewhere in the record it is not indicated in the extract.

Since there is a "final judgment" indicated by docket entry and a certification by the judge substantially complying with the rule, we will not address sua sponte an issue not raised on appeal — despite our concern with from when appellants' appeal time should have been counted. Because we will dismiss for other reasons, we will assume without deciding that his order of appeal on May 23, 1980 was punctual.

Pursuant to Md. Rule 1035 (b) (5), we shall dismiss this appeal as moved by appellees for appellants' failure to comply with Md. Rule 1028. That rule requires that appellants provide record extracts and that they contain such parts of the record as may reasonably be necessary for the determination of the questions presented by the appeal. Other than their query relating to an overruled demurrer to the counter-claim, which is not an immediately appealable judgment, the only question asked by appellants is:

"May Prince George's County be held liable for the malicious acts of its police officers?"

That rhetorical question underlay the granting of a demurrer to appellants' declaration without leave to amend, but appellants did not provide us either with the declaration or the demurrer, contrary to Md. Rule 1028 (b) (1) (b) which

calls for all pleadings material to the determination of the issue before us.

More importantly, appellants did not provide us with the judgment appealed from, as indicated above, nor with the opinion of the court, which we are told was orally expressed giving reasons for having sustained appellees' demurrer. Md. Rule 1028 (b) (1) (a). The opinion of the court was extremely crucial in this case, as indeed were the arguments at the hearing, in light of appellees' contention that a line of reasoning relied on by appellants contains an issue of law never presented to or decided by the court below. It appears, furthermore, that appellants' failure to comply with the extract rule on appeal was compounded by their failure to have had transcribed the hearing below which culminated in the oral opinion of the court, which Md. Rule 1028 (b) (1) (a) expressly requires to be extracted. That is a failure to sustain the appellate burden of producing a record of any proceeding the result of which one attacks on appeal. *Langrall, Muir & Nopp'r. v. Gladding,* 282 Md. 397, 401 (1978).

In regard to the failure to provide adequate contents in the record extract, Rule 1028 (b), appellants responded to appellees' motion to dismiss by saying that:

> "If Appellees really believe that the extract does not contain some part of the record which they deem material, they could have printed such parts of the record as an appendix to their brief together with a statement of the reasons therefor. (See: Rule 1028(e))."

In *Sunshine Laundry Corp. v. White,* 197 Md. 582, 586 (1951) that identical argument was submitted to the Court of Appeals, which responded:

> "The appellee might have printed in his appendix the remainder of the testimony thereby supplying the deficiencies in appellant's appendix, and permitting a decision of the question raised. He was, however, under no obligation to supplement appellants' record in this way, and he did not do so.

On the contrary, he filed a motion to dismiss. and his motion will be granted."

Appellees here have done the same. They were forced to elect whether to supplement the record or to stand upon their right not to do so but chance our waiving the rigidity of the rules which the Court of Appeals continues to admonish as being "precise rubrics" to be followed. *Isen v. Phoenix Assurance Co.,* 259 Md. 564, 570 (1970). Had we waived the rules, appellees would have been at a decided disadvantage, working as they were without the record or transcript of the opinion, as is indicated by their brief.

> "The resolution of this issue before this Court has been made difficult, if not impossible, by appellants' failure to include in their appendix a copy of the declaration, the demurrer of appellees Prince George's County, Maryland and Joseph Vasco, or the transcript of the lower court's oral rationale for its sustaining without leave to amend of the demurrer. Appellees, in responding to this argument, are compelled to rely on notes taken of the trial court's oral opinion of March 27, 1980, which notes indicate that the trial court based its ruling on appellees' demurrer to the declaration on the theory that the commission of the tort of an assault and battery and the commission of the tort of false imprisonment by appellees Ercoline and Willis would be intentional torts, outside the scope of their employment, for which the County cannot be held liable."

Finally, appellants' Opposition to the Motion to Dismiss contained an appended "Record Extract Supplement" and a prayer that we receive it by granting an appended Motion to Supplement. For the reasons set forth in *Sunshine, supra,* we are not so inclined, but if we had been, we note that even the supplement itself did not contain the opinion of the court which is expressly mandated by Md. Rule 1028 (b) to be part of an extract. This time its absence was excused because it would add an unnecessary expense of appeal.

"Appellees argue that the transcript of the court's oral opinion and ruling on the Demurrer to the Declaration and Demurrer to the Counterclaim are material to the determination of the questions presented in this appeal. Appellee's argument is frivolous and without merit because the transcript of the court's oral opinion and rulings will show only that appellee's Demurrer to the Declaration was granted and Appellant's Demurrer to the Counterclaim was overruled. Inclusion of the transcript in the record extract is clearly an unnecessary expense that would not aid this court in determining the questions presented by this appeal."

Appellants' recollection of what was said is completely contrary to appellees', and it is for that reason that the rules require such crucial matter to be before us. The real reason for its absence in either the original or proposed supplemental extract, we suspect, is that appellants did not have the foresight to have either the argument or the opinion following it transcribed. The record they provided us, in any event, contains not one word of transcription, which was precisely the reason the Court of Appeals faulted Mr. Gladding, despite our willingness to reason from the record in his favor, in *Langrall, Muir & Nopp'r. v. Gladding, supra* at 401. *See Gladding v. Langrall, Muir & Nopp'r.*, 36 Md. App. 225 (1977). We will deny the Motion to Supplement and grant appellees' Motion to Dismiss.

*Motion to dismiss granted.*
*Costs to be paid by appellants.*