549 A.2d 1153

**Verleen ROGERS**

v.

**Henry BAKER, Sr., t/a Baker Beauty Salon.**

**No. 274, Sept. Term, 1988.**

Court of Special Appeals of Maryland.

Nov. 10, 1988.

Kevin A. Clasing (Donald S. Saiontz and Saiontz & Kirk, P.A., on the brief), Baltimore, for appellant.

Jeanne D. Hitchcock, Fugett & Hitchcock (David B. Allen, co-counsel, on the brief), Baltimore, for appellee.

Argued before ROSALYN B. BELL, KARWACKI and POLLITT, JJ.

POLLITT, Judge.

Appellant, Verleen Rogers, appeals from the judgment of the Circuit Court for Baltimore City dismissing, with prejudice, a civil action filed by appellant against appellee, Henry Baker, Sr., t/a Baker Beauty Salon. Pursuant to Rule 8–603(c),[1] appellee has included in his brief a motion to dismiss the appeal because of appellant's failure to file a record extract in compliance with Rule 8–501.

The record extract, provided as an appendix to appellant's brief, consists solely of an index and docket entries in case

---

1. Rule 8–603(c)—A motion to dismiss based on subsection (a)(1), (2), (3), (9), or (10) of Rule 8–602 may be included in the appellee's brief. The appellant may include in a reply brief any response to the motion.

number 86364039/CL59788 in the Circuit Court for Baltimore City. Those documents establish nothing more than that a suit was filed by appellant against appellee on 12–30–86; that appellee was served with process on 11–6–87; that appellee filed a motion to dismiss and appellant responded; that the court granted the motion to dismiss, with prejudice, on 1–26–88; and an appeal was filed.

When this appeal was filed, on 16 February 1988, Rule 1028 provided, in pertinent part: [2]

(a) *Appellant to Print.*

In civil cases ... the appellant *shall* cause to be printed ... extracts of the record which *shall* include the parts thereof provided for by section b of this Rule....

(b) *Contents.*

1. What to be Included.

The printed extract *shall* contain such parts of the record as may reasonably be necessary for the determination of the questions presented by the appeal, and *shall* include:

(a) The judgment appealed from, together with the opinion or charge of the lower court, if any.

(b) So much of the evidence, pleadings or other parts of the record as is material to any question the determination of which depends upon the sufficiency of the evidence, pleadings or other matter contained in the record to sustain any action, ruling, order or judgment of the lower court.

(c) Such other parts of the record as may be designated

---

**2.** Appellant's brief was filed on 6 June 1988, prior to the effective date of new Title 8 of the Maryland Rules.

by the parties pursuant to section c. of this Rule.[3]   [emphasis added]

Rule 1028 i provided:

### i.  *Penalties—Correction.*

### 1.  Violation of Section a.

For violation of section a. of this Rule, this Court may dismiss the appeal, or make any other appropriate order with respect to the case, including an order that an improperly printed appendix or printed extract be reprinted at the expense of the counsel for the party whose appendix or printed extract was improperly printed.

### 2.  Violation of Section b.

For violation of section b. of this Rule this Court may require that additional portions of the record be printed or otherwise furnished, or it may dismiss the appeal, or make any other appropriate order with respect to the case.

### 3.  Inadvertent Errors.

Inadvertent omissions or misstatements in the printed extract or in any appendix may be corrected by direction of this Court on application or of its own motion.

Appellee has included as an appendix to his brief additional parts of the record, together with a statement of the reasons therefor. *See* Rule 8–501(e).   From that appendix, and from the briefs, we learn that this case was the second round of a fight which began in October, 1984, when Rogers sued Baker in the District Court of Maryland for Baltimore City, case CV28457–84.   In that complaint, Rogers alleged that her hair had been damaged by negligent treatment administered at Baker's Beauty Salon, and claimed damages of $1,000, later amended to $10,000.   Pur-

---

**3.**  We were advised at oral argument that no attempt was made to comply with subsection c of the Rule.

suant to Rule 3–325(a)(2), Baker demanded a trial by jury, whereupon the record was transmitted to the circuit court, Rule 3–325(c), being docketed as case number 86086034/CL48007. Rogers propounded interrogatories to Baker, which Baker moved to strike because Rogers had not filed a new complaint in the circuit court as required by Rule 2–326(c).[4] That motion was granted on 3 October 1986. On 30 December 1986 Rogers filed her complaint pursuant to Rule 2–326(c), seeking damages of $25,000. Baker promptly moved to strike the complaint as not timely because it was filed eight months after the time specified in the Rule. Before that motion was considered by the court, Rogers voluntarily moved to dismiss the case. *Two* orders were signed dismissing the case *without prejudice,* on 13 February 1987 and on 5 March 1987.

Meanwhile, on 30 December 1986, the present case was filed, reasserting the same claim as the earlier case. Baker's motion to dismiss *with prejudice* was granted and this appeal followed.

Appellant presents in her brief a single question:

Does a dismissal without prejudice bar, through *res judicata,* a subsequent suit involving the identical claim?

Our answer, based on the record extract supplied us, is "we cannot say." When the only record extract provided by appellant is a set of docket entries, presumably relating to the subsequent suit, we are unable to establish the factual predicate for the question. Both the Court of Appeals and this Court have said so often as to require no citation of authority that the Rules are established to pro-

---

4. (c) Action Not Within Exclusive Original Jurisdiction of the District Court.—When the action transferred is one over which the District Court does not have exclusive original jurisdiction, a complaint complying with Rules 2–303 through 2–305 shall be filed within 30 days after service of the demand for jury trial filed by the defendant. The complaint shall be served pursuant to Rule 1–321. The defendant shall file an answer or other response within 30 days after service of the complaint. The action shall thereafter proceed as if originally filed in the circuit court.

mote the orderly and efficient administration of justice and are to be read and followed.  As Judge McWilliams said for the Court in *Lewis v. Germantown Insur. Co.*, 251 Md. 535, 536–37, 248 A.2d 468, 469 (1968):

> We sometimes wonder if the bar ever reflects upon the reasons why we have adopted and promulgated rules of practice and procedure.  We wonder also how many practitioners pay any attention to what we have said about these rules. . . .  Thus far, in enforcing the Rules, we have been reluctant to make use of our powers of remand and dismissal, more out of consideration for litigants than for members of the bar.  Of late, it should be noted, we find ourselves becoming somewhat less considerate of the plight of litigants whose obligation to know and comply with the Rules, at least in theory, is no less than that of the attorneys they retain to represent them.

As the cases and the Rule clearly state, the appellate court, in its discretion, may dismiss the appeal as a sanction for violations of Rule 1028, now Rule 8–501.  *See, e.g., Prime Contractors v. M. & C.C.*, 241 Md. 55, 215 A.2d 214 (1965); *Eldwick Homes Ass'n v. Pitt*, 36 Md.App. 211, 373 A.2d 957, *cert. denied*, 281 Md. 736 (1977).

Ordinarily, when the appellee provides the necessary parts of the record in an appendix to his own brief, and is not prejudiced by appellant's omission, the Court, in the exercise of its discretion, may decline to dismiss the appeal.  *Williams v. Johnson*, 261 Md. 463, 276 A.2d 95 (1971); *Bornstein v. State Tax Comm.*, 227 Md. 331, 176 A.2d 859 (1962); *Bodnar v. Brinsfield*, 60 Md.App. 524, 483 A.2d 1290 (1984); *Burdette v. LaScola*, 40 Md.App. 720, 395 A.2d 169 (1978), *cert. denied*, 284 Md. 745 (1979).  Where the violations are numerous and serious, and not accidental, however, the case may be one which should "serve as an example rather than as a warning," and may be dismissed even where the appellee has supplied the necessary material.  *Bornstein v. State Tax Comm., supra*, 227 Md. at 336, 176 A.2d at 861; *Kemp–Pontiac–Cadillac v. S & M Constr.*, 33 Md.App. 516, 365 A.2d 1021 (1976).  The defi-

ciencies in the extract provided by appellant can hardly be viewed as accidental. Furthermore, even the appendix provided by appellee does not contain the basis for the trial court's decision, without which we are seriously handicapped in attempting to determine whether it erred. *See A.S. Abell Co. v. Skeen*, 265 Md. 53, 58, 288 A.2d 596, 598-99 (1972).

Appellee's appendix provides what appears to be a complete record of the proceedings in the first case, in both District Court case CV28457-84 and Circuit Court case 86086034/CL48007. It also contains the pleadings in the second case, number 86364039/CL59788, which forms the basis of this appeal. It also includes the judgment appealed from, as required by the Rule. That judgment, in its entirety, states:

> After having heard on January 25, 1988 and considered Defendant's Motion to Dismiss in the above captioned case, it is this 26 day of January, 1988,

> ORDERED that this case is hereby dismissed *with prejudice.*

That appendix contains no opinion of the lower court, even though we were advised at oral argument that one was rendered, and it contains no record of the hearing held on 25 January 1988, which appellee tells us was not recorded. It was appellant's responsibility to preserve these matters. *Langrall, Muir & Nopp'r v. Gladding*, 282 Md. 397, 384 A.2d 737 (1978); *Brown v. Prince George's County*, 47 Md.App. 717, 424 A.2d 1111 (1981). We can glean from the pleadings that, in his motion to dismiss the case, appellee cited four specific and one general reason, as follows:

1. The Court lacks jurisdiction over the subject matter of the Complaint, Rule 2-322(b)(1) of the Maryland Rules;

2. The Complaint fails to join a required party under Rule 2-211 of the Maryland Rules, Rule 2-322(b)(3) of the Maryland Rules;

3. Plaintiff is barred from instituting this suit under the doctrines of res judicata and collateral estoppel, Rule 2–322(f) of the Maryland Rules;

4. This suit is barred by limitations, Rule 2–322(f) of the Maryland Rules; and

5. For such other and further grounds and upon such other and further authorities as may be set forth in supporting memoranda and at a hearing upon this Motion to Dismiss.

In his memorandum, filed in support of that motion, appellee argued all of those grounds. More specifically, he asserted, among other things:

(a) That the proper party defendant is Baker's Beauty Salon, Inc., a Maryland corporation.

(b) That the case is barred by limitations, apparently based on an erroneous assumption that the suit was filed in November 1987 (when service was obtained on the defendant) instead of in December of 1986.

(c) That the action is barred by *res judicata,* since the previous case was dismissed for plaintiff's failure to comply with the Rules.

There is nothing in the record before us to indicate which or how many of those grounds were relied upon by the trial judge. If he in fact granted the motion solely on the grounds of *res judicata,* he most probably erred, because "[a] dismissal without prejudice is not, of course, an adjudication on the merits." *Annapolis Urban Renewal v. Interlink,* 43 Md.App. 286, 291, 405 A.2d 313, 317 (1979). On the other hand, for example, if it developed at the hearing, either by evidence or by concession, that the correct defendant in the case is Baker's Beauty Salon, Inc., then it may have been proper for the court to dismiss the case for failure to join a necessary party in whose favor the statute of limitations had then run. Maryland Code (1974, 1984 Repl.Vol.), § 5–101 of the Courts and Judicial Proceedings Article; Rule 2–211(c).

As stated by Judge Moylan for this Court, in *Robinson v. State*, 17 Md.App. 451, 460–61, 302 A.2d 659, 664 (1973) (quoting 5 Am.Jur.2d, *Appeal and Error*, § 727 (1962)):

"According to the essence of its function, an appellate court is concerned with whether the holding, and not with whether the reasoning, of the decision appealed from is correct, and generally a correct decision will not be disturbed on appeal because it is based on an incorrect ground, especially where the correct ground was formally presented to the court below, though not there acted upon, and the view has also been taken that in a proper case a correct decision should be sustained even though the appellate court finds it necessary to resort to a theory not presented to the court below. The general principle that a correct result will not be set aside because based on an incorrect ground applies also to appeals from decisions of intermediate appellate courts.

Where a decision is based on two grounds, either of which, independent of the other, is sufficient to support it, it will not be reversed on appeal because one of those grounds is erroneous. Similarly, an appellee who had made an alternate pleading need not show that both alternative theories are sustained by the evidence and need not, at his peril, determine which of the two alternative theories was adopted by the trial court and justify it. If the trial court made erroneous findings, its decision will nevertheless not be reversed on appeal if the findings which it should have made would support its decision. The appellant has the burden of proof that no correct finding would sustain the decision appealed from."

We cannot say, from this record, whether the trial judge committed reversible error. It is the obligation of appellant to provide an extract containing all parts of the record material to our consideration. An extract containing nothing but docket entries is a particularly egregious violation of that obligation. We grant the motion to dismiss.

APPEAL DISMISSED; APPELLANT TO PAY COSTS.